JOHN P. HUDSON *et al.*, appellants, *v.* ENOCH MAZE, appellee.

*Appeal from Macoupin.*

Where, in an action of replevin, the defendant pleaded *non cepit,* and property in one P, and also property in one M, upon which pleas issues were taken, and the evidence showed that the property was not in M, and the jury rendered a general

(1) R. L. 85; Gale's Stat. 65.          (2) R. L. 91; Gale's Stat. 70.

verdict for the defendant: *Held,* that the verdict was substantially responsive to the issue, and that if an objection had been made to the verdict, in the Court below, it might have been corrected there.

The plaintiffs, Hudson & Sellers, brought an action of replevin, for certain books of account, and upon the trial proved that one James McFarlan was indebted to them in the sum of $610.84; and to secure the payment of this sum, McFarlan assigned to them all his "store books and accounts, so far as that they may select and collect the amount of said notes, with expense; said books to be subject to the order of Hudson & Sellers, from the date of said notes, and considered their property;" and the defendant, to show property in one J. M. Palmer, proved the execution of a deed of trust made by McFarlan to him, of all his personal property, articles . of stock, and household furniture, mentioned in a schedule annexed to the deed; also all the notes and accounts mentioned in another schedule, together with his books of account, in trust to sell and collect the same, and pay the creditors of McFarlan, as follows: first to pay the expenses of the trust, and Enoch Maze $154; secondly, to pay to another creditor $212; and thirdly, to pay to another creditor $500; and then to pay the remaining creditors; and the trustee was authorized to compound with the creditors. Palmer was not a creditor, but accepted the trust under the deed, which was made March 31, 1842, and after the assignment of the books to the plaintiff. Palmer paid no consideration for the deed, but took possession of the books, and delivered them to the defendant, as his agent. Palmer had no notice of the assignment to the plaintiffs, nor had they ever had possession of the books: *Held,* that the assignment to the plaintiffs did not transfer the property in the books themselves to the plaintiffs, nor all the accounts and debts charged in those books, unless it would require the whole of those debts, accounts, and books themselves to satisfy their claim; the object being to give them a right of possession to secure their claim; and that as the books came lawfully into the possession of the defendant, as Palmer's agent, the plaintiffs could not sustain an action of replevin, without first making known their rights, and demanding the books: *Held,* also, that the indebtedness to the creditors for whose benefit the deed to Palmer was made, was a sufficient consideration to support the deed of trust.

*Semble,* That an assignment or transfer of property for the purpose of giving a preference to a part of an insolvent's creditors, though fraudulent and void, under the general bankrupt law, cannot be set aside except in favor of those creditors who proceed under that law, for an equal distribution.

A clause, in a general assignment for the benefit of creditors, authorizing the trustee to compound with the creditors, makes void the assignment.

*Semble,* That an action of replevin cannot be maintained against a mere gratuitous bailee, without interest or charge, holding possession lawfully for the bailor, without a demand of the possession of the property about to be replevied.

THE proceedings in this cause, in the Court below, were had before the Hon. Samuel D. Lockwood, at the September term, 1842. The plaintiffs appealed to this Court.

J. A. CHESTNUT, for the appellants.

To sustain this action, it is sufficient that the appellants, at the time of commencing their suit, had a bare right to the possession of the property. Laws of 1838–9, 77.

Neither an assignee, nor a trustee, is a purchaser for a valuable consideration, without notice, as against prior equitable liens. Haggerty *v.* Palmer, 6 Johns. Ch. R. 437 ; Knowles *v.* Lord, 4 Wheat. 500.

A deed is not good, by way of bargain and sale, unless made upon pecuniary consideration ; and cannot operate as a covenant to stand seized to uses, unless upon consideration of blood or marriage. Jackson *v.* Seebridge, 16 Johns. 515, 528, 535 ; Jackson *v.* Florence, 16 Johns. 48.

An assignment in trust to pay debts, will be valid, if the assignee be a creditor, and if the other creditors be present, assenting, and become parties. Widgery *v.* Haskell, 5 Mass. 144 ; Boyden *v.* Moore, 11 Pick. 362.

A deed of trust, made to strangers, and not to creditors, for the payment of debts, is merely voluntary, and without any consideration. McKinley *v.* Combs, 1 Monroe 105.

The deed is fraudulent, because power is given to the trustee to compound. Grover *v.* Wakeman, 11 Wend. 202.

A debtor, where no bankrupt law intervenes, may lawfully prefer one creditor, or class of creditors. Johns. Dig. tit. Frauds, §§ 42–3 ; Bryant *v.* Cross, 2 Scam. 36 ; 3 Johns. 83 ; Grover *v.* Wakeman, 11 Wend. 202 ; 2 Stark Ev. 154 ; 7 East 145 ; 2 Burr 827 ; Bankrupt Law of the U. S. The State Courts are bound to observe and admit this act. U. S. Const., Art. VI., § 2.

J. M. PALMER, for the appellee :

The plaintiffs have been premature in their suit, there being no proof of a taking, or a wilful detention of the chattels mentioned in the declaration.

Replevin cannot be sustained without proof of a wrongful taking, or a wilful detention. 10 Johns. 369 ; R. L. 508 ; 1 Missouri 145. Replevin and trover are concurrent actions, differing only in the form of judgment. 10 Wend. 349.

Replevin will not lie even for an illegal detention of property, where the defendant comes to the possession by delivery from a person having a special property therein. 1 Wend. 109.

The instrument by which the plaintiffs claim is void.

1. It does not purport to convey an absolute title, only a right to control notes.

2. It is void for want of delivery, or a stipulation as to possession, and the property is not assignable. 1 Brock. 456 ;

3. It was a fraud on other creditors. 1 Scam. 298 ; 1 Cranch. 310 ; 1 Gallis. 419 ; 4 Mason 537.

It does not appear that the plaintiffs offered any proof that the notes, to secure payment of which this assignment was executed, were unpaid.

The defendant is in the situation of a bailee, having no notice of the plaintiffs' claim, and is not liable to this suit, without notice and demand and refusal otherwise than by suit.

By the assignment to Palmer, contained in the bill of exceptions and record, his title is superior to that of the plaintiffs, and the defendant, having pleaded property in him, must prevail.

The assignment to Palmer is good. 4 Johns. Ch. R. 528.

The assent of creditors is not necessary. 4 Johns. Ch. R. 528 ; 7 Peters 608 ; 2 Gallis. 557.

The assent of creditors will be presumed, where the conveyance

is made to a trustee, and the assignment does not stipulate for a release. 4 Mason 206 ; 4 Johns. Ch. R. 528.

A creditor in failing circumstances has a right to prefer one creditor to another, even by assignment to a trustee, for the purpose of securing preferences thus indicated, and it is no fraud on others not preferred. 8 Wheat. 268 ; 4 Mason 206 ; 11 Wheat. 78 ; 4 Wash. 232.

It is not necessary that the creditors should even be consulted. 7 Peters 608.

The deed of assignment to Palmer is not void for want of pecuniary consideration, it being to secure *bona fide* creditors. 11 Wheat. 78.

SCATES, Justice, delivered the opinion of the Court:

Hudson and Sellers brought an action of *replevin* for the " store books of account, lately kept and used by Samuel McFarlan, merchant, at Scottville, in said county, at and after the 24th April, 1841 : to wit, one day book and one ledger." The first count of the declaration is for taking and detaining ; the second count for unjustly detaining.

The defendant pleaded *non cepit* to the first count ; and to the whole declaration, he pleaded property in one J. M. Palmer, and also property in one Jas. McFarlan. Issues were joined on these pleas.

The plaintiffs proved the indebtedness of one Jas. McFarlan to them by two promissory notes, in the sum of $610.84 cents ; and to secure the payment of this, they proved an assignment by the said McFarlan to them, of all his " store books and accounts, so far as that they may select and collect the amount of said notes, with expense ; said books to be subject to the order of Hudson & Sellers, from the date of said notes, and considered as their property."

The defendant, to show property in Palmer, proved the execution of a deed of trust, made by said McFarlan to him, of all his personal property, articles of stock, and household furniture, mentioned in a schedule annexed to the deed ; also all the notes and accounts mentioned in another schedule, together with the books of his late mercantile house at Scottville, in trust to sell and collect the same, and pay the creditors of said McFarlan, as follows : first, to pay the expense of the trust, and Enoch Maze $154 ; secondly, to pay Hudson & Sellers $212, a debt for which Witt is security for McFarlan, (being no part of the debt first above mentioned as due the plaintiffs) ; thirdly, to pay Robert McFarlan $500 ; and then to pay the remaining creditors." Said trustee was authorized to compound with the creditors.

Palmer was not a creditor, but accepted the trust under this deed, which was made on the 31st March, 1842, and after the assignment of the books to the plaintiffs. Palmer paid no considera-

tion for said deed. The possession was delivered to Palmer, and he delivered these books to the defendant, as his agent. Palmer had no notice of the transfer to the plaintiffs, nor had they ever had possession of the books.

The defendant objected to the reading of this deed in evidence, but it was admitted. The issues were tried by the Court, and found for the defendant. These decisions are assigned for error. The plaintiffs offered no proof under the issue of *non cepit.* The evidence, both of the plaintiffs and the defendant, shows, if the assignments be good, that the property is not in McFarlan. It is objected that the issues were found generally for the defendant. I think in this case it is sufficient; for, although the property is shown not to be in McFarlan, yet, if it be in Palmer, it will prevent a recovery by the plaintiffs. The verdict is substantially responsive to the issues and proofs; and if the technical objection had been urged in the Court below, it might have been corrected. It would not subserve the purposes of justice, to reverse it here upon such an objection.

The substance and object of the transfer of these books to the plaintiffs, appear to be for the purpose of permitting them to select such notes and accounts against McFarlan's debtors as to enable them to obtain payment of their debt of $610.84 cents. I cannot construe this contract as transferring the property in the books themselves, the paper and binding; nor, as assigning over all the accounts and debts charged in those books, unless it would require the whole of those debts, accounts, and the books themselves, to satisfy their claim. The object, it seems to me, was to give them a right of possession for the purpose of such selection. The possession remained with the assignor, until he delivered it, under the deed of trust to Palmer, and afterwards came lawfully to the defendant, as Palmer's agent. Under these circumstances, we are of opinion that the plaintiffs should have made known their right, and demanded the possession from Maze, before they brought suit; as, upon demand, he might have delivered up the possession, which was lawful in him, until made tortious by a refusal. We would not wish to be understood as laying down a rule, that replevin would lie in no case of a lawful possession, until demand. If Maze had held the possession, claiming right or title in himself, it might change the case. But in this particular case, he was the mere gratuitous bailee, without interest or charge, holding possession lawfully for the bailor; and, for aught that appears, ready and willing to deliver it to him who might show right. It seems unjust to condemn him to pay cost, for a lawful act, and gratuitous service.

This Court has decided, in the case of Howell *et al. v.* Edgar *et al.,* (1) that a failing or insolvent debtor may make an assign-

(1) *Ante* 417.

Hudson *et al. v.* Maze.

ment preferring creditors, if there be no bankrupt, insolvent, or attachment laws interfering, and the assignment be fairly and *bona fide* made, without onerous conditions amounting to fraud. It is objected that there was no good and valuable consideration to support this deed. I do not regard the true consideration as passing from the trustee. The indebtedness to the creditors, for whose benefit this assignment is made, is the true consideration, and sufficient to support it.

But there is still a much graver question arising to this deed. It is objected that it is in fraud of the bankrupt law. This subject has been lately discussed by Judge Story, in a case in Massachusetts, where he stayed the proceedings of a creditor on a trustee process under their attachment laws, because, if allowed, it would be a fraud upon the spirit and equity of the bankrupt law, by making it a race of diligence to obtain an unequal distribution of the assets. (1) There are many decisions to the same purport. (2) The case in this Court, referred to above, recognises the same principle.

This assignment was made after the bankrupt law took effect. Its object appears, to us, to be, to make an unequal distribution of the assignor's effects, contrary to the spirit and intention of the act. We should not feel warranted in drawing this conclusion from the language of the assignment, describing certain property set forth in two schedules, if it were not for the recitals in the deed, that said McFarlan, from losses, disappointments, and embarrassments, finds himself unable to meet his various liabilities. It would seem from this, that he was in failing or insolvent circumstances. I should have no hesitation in saying that this assignment would be void, as a fraud upon the bankrupt act, if it were questioned by a creditor, seeking, under that law, for an equal distribution. But in this case, the plaintiffs are asserting a superior and prior legal right under a contract, and it is in no sense a proceeding under the bankrupt law, claiming the equity of a *pro rata* distribution under its provisions. I cannot go the length to say that the mere existence of such a law upon the statute book, will make these assignments void. But its provisions will only operate to affect this, in favor of those who proceed under it, to claim the benefit of its equity. I think it is good, as to that objection, unless some proceeding be had to distribute the effects under that act. It is further objected, that this assignment is fraudulent, on account of the clause empowering the trustee to compound with creditors.

While courts have sustained assignments preferring creditors, they have ever been jealous and watchful to prevent the imposition of onerous and burthensome conditions to fair creditors. When this is done, all, that a grateful and honest debtor could ask, is permitted. But it is going a step beyond to allow him, after putting all his property beyond the reach of law, to say to his

(1) *Ex parte* Foster, Law Reporter, June, 1842, 55.
(2) 15 Johns. 571; 3 Johns. 84; 8 Term R. 528.

creditors, they may compound with the trustee if they can.    If they cannot, they will be driven into a court of equity to obtain their just rights.    I think the law has been well laid down by Justice Sutherland, in Grover *v.* Wakeman, (1) where such a power was held by him to make the assignment void.

We are of opinion, that under the particular circumstances of this case, the plaintiffs have no right to recover, without a demand of these books by the plaintiffs of the defendant.

The judgment is affirmed with cost.

DOUGLASS, Justice, said:

I concur in the judgment of the Court, but am not prepared to assent to so much of the opinion as relates to the bankrupt law, and its influence upon the assignment.

*Judgment affirmed.*