## Case No. 8,137.

### LAWRENCE et al. v. DAVIS et al.

[3 McLean, 177.] [1]

Circuit Court, D. Illinois. June Term, 1843.

CREDITOR'S BILL — ASSIGNMENT FOR BENEFIT OF CREDITORS—ASSENT OF ASSIGNEES —PREFERENCE.

1. An assignment of property to creditors, or for their benefit, to others, cannot be held void for want of consideration.

[Cited in Gates v. Labeaume, 19 Mo. 27; Hardcastle v. Fisher, 24 Mo. 73.]

2. To give an assignment of property validity, the assignees must assent to it.

[Followed in Pierson v. Manning, 2 Mich. 462. Cited in Gibson v. Chedic, 1 Nev. 497.]

3. By the common law a debtor may give a preference to certain creditors over others. And this is not prohibited by any statute of Illinois.

[Cited in Fuller v. Steiglitz, 27 Ohio St. 363; Mathews v. Stewart, 44 Mich. 216, 6 N. W. 635.]

[This was a bill in equity by Lawrence, Gaither, and others against Davis and others.]

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

Mr. Chickering, for complainants.

Strong & Pickering, for defendants.

OPINION OF THE COURT. This bill is brought by the complainants, who are creditors of the defendants, to set aside an assignment of their effects by the defendants for the benefit of certain creditors, giving a preference to certain persons named. The plaintiffs are named in the assignment, but Hamly, Davis and McAffee are preferred to them.

1. This assignment it is contended is void, because it was made without consideration. An assignment to creditors, or to individuals for the benefit of certain creditors, cannot be said to be without consideration.

2. It is also objected that the creditors have not accepted the assignment. That the complainants being creditors have not accepted it. In making an assignment of property, as in every other case of contract, the assent of at least two persons is necessary to its validity. A debtor cannot change his relation to his creditors by a voluntary assignment of his property to them. If, therefore, he make an assignment, and his creditors do not accept it, there is no change of property; and legal redress is open to the creditors as before the attempted assignment. That which purports to have been done for the benefit of creditors, and which was manifestly to their advantage, will be presumed to have been done with their assent, unless the contrary appear.

3. But in the third place, it is contended that the assignment was conditional, and that the condition has not been complied with. The condition was, "that the assignees shall and will render an account, &c. to a major part of the creditors, and that they shall sanction the assignment before it can take effect." And it is earnestly averred that the acquiescence of a majority has not been shown. 2 Story, Cont. 302, 303; Garrard v. Lord Lauderdale, 11 Eng. Ch. 451, 3 Sim. 1. This last objection has not been answered, and it seems fatal to the assignment. A majority of the creditors have not assented to it, and without this, by the terms of the assignment, it cannot take effect. By the common law, a debtor may give a preference to a part of his creditors. Under the bankrupt law this could not be done; nor is it permitted in several of the states, where the law secures an equal distribution of the effects of an insolvent among his creditors. It is believed that there is nothing in the statutes of Illinois, which renders a preference to certain creditors fraudulent or void. But the assignment is set aside and annulled, on the ground that the condition of it has never been complied with.