## MEEKER *v.* SANDERS.

The facts stated in the answer of a garnishee, when not controverted, are to be taken as true.

The debts due by the assignor to his creditors, are a sufficient consideration for the making of an assignment for the benefit of creditors; and in order to make such an assignment valid, it is not necessary, that a consideration should pass from the assignee to the assignor.

When possession accompanies the conveyance of personal property, it is not necessary that the deed should be acknowledged and recorded.

Where the intention of a grantor can be ascertained from the deed, with reasonable certainty, the want of minute accuracy, and the disregard of the usual forms, will not render the instrument void.

The fact that an assignment for the benefit of creditors, contains no schedule of the debts intended to be secured; that no inventory is given of the property conveyed; that the rights of the creditors are not distinctly defined; and that no specific directions are given to the trustee, as to the time within which the property is to be converted into money, are not sufficient to render the assignment void.

An assignment for the benefit of creditors, in which the assignor declares that "the possession of the goods, and the use of the store-house, are given to the assignee, and the notes and accounts transferred to him, to the end, and for the purpose of executing the trust, and the payment of the debts as fast as possible, and as they become due," does not, by this language, give a preference to any creditor, by reason of his debt first falling due.

Where an assignment, for the benefit of creditors, authorized the assignee "to take such steps for the sale and disposition of the goods, as he may deem proper: *Held,* That no intent to hinder and delay creditors, could be inferred from the language used.

If a deed of assignment, for the benefit of creditors, does not convey all the property of the assignor, liable to the payment of his debts, it is good for what it does convey; and that it does not include all, is no sufficient reason for adjudging bad, for what it does include.

No neglect of duty by the assignee, and no misapplication of the trust funds, will render an assignment, for the benefit of creditors, void.

Where two persons were garnished, and in their answer one of them professed to hold the property, &c., in his hands, under an assignment of the judgment debtor, for the benefit of creditors; and where the answer, as to the other garnishee, alleged that his name, as assignee, was left out of the assignment by mistake, and that he had been acting under the orders and control of the assignee whose name was inserted in the deed, which answer was not denied; and where the court rendered judgment against both the garnishees for the amount of the judgment against the principal debtor, with costs: *Held,* 1. That the

proceedings against the garnishee, whose name was omitted from the assignment, and who was acting under the assignee, should have been dismissed ; 2. That the judgment against the garnishees was erroneous.

*Appeal from the Henry District Court.*

THURSDAY, APRIL 15.

Meeker & Perkins commenced suit, by attachment, against John Bowman, and garnished Sanders and Shaw, notifying them to appear at the next term of the district court and answer interrogatories. At the next (April), term, Bowman having failed to appear and answer, judgment by default was rendered against him, for the sum of $731 27, and costs. The garnishees having, also, failed to appear and answer, a default was rendered against them. At the next (August,) term of said court, the garnishees appeared, and moved to the court to set aside the default, and to permit them to answer ; and such proceedings were had, that the garnishees were permitted to, and did, file their answer. The answer of the garnishees denies that they are in any manner indebted to the said Bowman, or that they owe him money or property not yet due ; denies that they jointly or severally have in their possession, or under their control, any money, property, rights or credits, of the said defendant; and denies that they know of any debts due or owing the said defendant, either due or not due, and now in the possession, or under the control of others. The answer then explains and qualifies the denials in response to the statute interrogatories, by stating that the garnishees have, and have had since the 5th of January, 1857, each one in the relations as hereinafter described a stock of goods, books, accounts, notes, and evidences of debt, &c., of the aggregate value of four thousand dollars, which they are advised and believe, were once the property of the said Bowman ; that the said stock of goods, &c., were assigned to said garnishees, for the benefit of the creditors of said Bowman ; that upon the sufficiency of the said assignment, and the rights it confers, depends

the truth or falsity of all the answers herein as to the property of the said defendant, Bowman; that the said garnishees, at the request of said Bowman, and without any consideration whatever, moving from them, entered upon the duties of the said trust, and took possession of the property referred to in the said assignment; that they are engaged in selling the said goods, collecting said notes, &c., with a view to the perfect and complete execution of said trust; that they are at all times ready and willing to make a complete statement of their doings under said assignment; that the name of the said Shaw was, by the mistake of the draftsman, and by mere oversight, omitted in the said assignment; that in consequence of such omission, the said Shaw has followed the instructions of his co-respondent, Sanders, to whom he looked, and upon whom he relied; that the said Shaw has assisted in the execution of said trust, under the direction of the said Sanders; that all the creditors of the said Bowman, and among them the said plaintiffs, were duly notified of the said assignment, long before the attachment against the said Bowman was issued; and that said assignment was executed and recorded, and the trust entered upon by the said garnishees, before they were served with the process of garnishment.

Appended to the answer of the garnishees is a copy of the assignment, which reads as follows: " For the purpose of securing all my creditors, to whom I am in any manner indebted, I hereby voluntarily set over, transfer, and assign, to Alvin Sanders and ——, the entire stock of goods now in store at my store-house on the west side of the public square, in the city of Mount Pleasant, Henry county, Iowa, hereby authorizing them to take such steps for the sale and disposition of such goods as they may deem proper, together with all the books of account, notes, and every other evidence of debt coming to, or owing to me; and to this end, possession of such goods, and the use of the store where the same are, is hereby given to my said assignees, and the books and notes transferred, for the

purpose of executing this trust, and the payment of the debts, hereby secured, as fast as possible, and the same become due. In witness whereof, I have hereunto set my hand, this 5th day of January, 1857.      J. BOWMAN."

The assignment was properly acknowledged, but does not appear to have been recorded. No replication was filed, denying the matters stated in the answer ; and after argument, the court rendered judgment against the garnishees for the amount of the judgment against Bowman, with costs. From this judgment the garnishees appeal, and allege that the court erred in rendering said judgment.

*J. C. Hall, L. G. Palmer* and *S. McFarland,* for the appellants. [The reporter found, on the files of the court, no brief on the part of counsel for the appellants.]

*Rufus L. B. Clarke* and *C. H. Phelps,* for the appellees, made the following points :

I.   Was the assignment valid on its face, as against creditors? 1. It did not comply with the statute. Code, 154, sec. 977 ; Ib., sec. 1193 ; and it must be deemed a conveyance to hinder and delay creditors. 2 Douglass, 176 ; 4 Denio, 217 ; Burrill on Assignments, 384 ; 2 Comstock, 365. 2. It did not conform to the requisites of the common law. No consideration is expressed, and the assignees are not creditors. 15 Pick., 11. No sufficient terms of conveyance are used. Burrill on Assignments, 239. The assignment is general, to secure all the creditors, and yet reserves the store-house. *Brashear* v. *West,* 7 Peters, 608 ; Burrill, 235, note 2 ; 11 Wend. 187 ; 6 Hill, 438. It does not declare the uses to which the goods are to be applied. Burrill, 197 ; *Nicholson* v. *Leavitt,* 2 Seld., 510. No time is specified within which the assignees are required to turn the property into cash, and distribute the proceeds. Burrill, 249, 2 Kent Com., 370 ; *Webb* v. *Daggett,* 2 Barb. sec. 9 ; *Barney* v. *Griffin,* 2 Comst., 365 ; 9 Smedes & M., 394 ; 10 Paige, 223 ; 7 Ib., 568 ; 6 Barb.,

91; *Sheldon* v. *Dodge*, 4 Denio, 217; 7 Howard, 277; Burrill, 383; 1 Am. Lead. Cases, 96. No directions are given for the distribution of the funds, and it makes no settlement of the rights of creditors. 7 Paige, 568. Nor is a creditor named. Burrill, 399. No schedule of the property assigned, or of the notes transferred, nor even of the gross value of the property, is given. *Stevens* v. *Bell*, 6 Mass., 339; *Pierpont* v. *Graham*, 4 Wash., D. C., 232; *Hume* v. *Richardson*, 5 New Hamp., 113; *Cunningham* v. *Freeborn*, 11 Wend., 240. .

II. Even if the assignment was valid on its face, and under the statute, and at common law, does it, with the attendant facts and circumstances detailed in the answer, afford a sufficient reason why execution should not issue against the garnishees?

STOCKTON, J.—It was not necessary for the garnishees to have the judgment by default against them set aside, in order to enable them to answer; for by mere failure to appear in answer to the garnishee summons, they were not liable to pay the amount of the plaintiff's judgment against Bowman, until they had had opportunity to show cause against the issuing of an execution. Code, section 1870. The judgment having been opened, however, and the garnishees permitted to answer, showing the amount of money and property in their hands, and the manner in which it was held, the proceedings against Shaw, one of the defendants, should have been dismissed. He was not one of the assignees under the deed. He was acting under the orders of his co-defendant, Sanders; and if there was any of the property of Bowman in his hands, it was subject to Saunders' order and control. All this is shown by the answers of Shaw and Saunders. The deed of trust is made part of the answer of Saunders, and he explicitly declares that he claims to hold the money and property in his hands, by virtue of the deed, and for the benefit of all the creditors of Bowman. The facts contained in this answer, the same not being controverted, are

to be taken as true; and taking them as true, we are to inquire, whether the plaintiffs were entitled to a judgment against the assignee, for the amount of their claim against Bowman. It is recited by the deed, that the grantor, for the purpose of securing all his creditors, to whom he is in any manner indebted, assigns and transfers to Alvin Saunders, his entire stock of goods, together with all book accounts, notes, and other evidences of debt, authorizing him to take such steps for the sale and disposition of the goods as he may deem proper; and to this end, possession of the goods, and the use of the store-house, are given to the assignee, and the books and notes transferred, "for the purpose of executing this trust, and the payment of the debts hereby secured, as fast as possible and they become due."

The deed, it is urged by the plaintiffs, is void as to the creditors of Bowman, as not being in compliance with the statute, and for the reason that the design and effect of the same is to hinder and delay them in the collection of their debts. We think there can be no question but that the deed is made upon a sufficient consideration. The debts due from Bowman to his creditors were a valuable consideration, in the highest sense of the term. Burrill on Assignments, 219. It was not necessary that there should be a consideration passing from Saunders to Bowman. Saunders was the mere trustee of the creditors, whose debts were designed to be secured by the deed. Where possession accompanies the conveyance of personal property, it is not necessary that the deed should be acknowledged and recorded. In this case, the possession of the goods, both in law and in fact, was in Saunders; and it is not, under such circumstances, a valid objection to the deed, that it was not duly acknowledged and recorded.

The deed of assignment is not drawn with that regard to forms, nor with that accuracy of expression, at all times desirable in such instruments. A strict observance of the proper legal terms, and the apt use of words, generally, while it always tends to prevent confusion and misunder-

standing, is often the means of shutting out tedious and unprofitable litigation. We think, however, there can be no mistake as to the trust upon which the property, in this instance, is conveyed. It is sufficiently declared that it is for the purpose of securing the claims of all the creditors to whom the grantor is in any manner indebted, and that the possession of the goods, and the *choses* in action, are transferred to the trustee "for the purpose of executing this trust, and the payment of the debts secured, as fast as possible." Where the intention of the grantor, can be ascertained, with reasonable certainty, the want of minute accuracy of language, and ʳhe disregard of the usual·forms, should not render the instrument void. Nor is the fact that the deed contains no schedule of the debts intended to be secured; that no inventory is given of the property conveyed; that the rights of the creditors are not distinctly defined; and that no specific directions are given to the trustee as to the time within which the property is to be converted into money; all these things, though they, in some sense, constitute an objection to the deed, are not sufficient to justify us in holding it, on that account, void.

It is insisted upon by the plaintiff, that the conveyance is invalid, for the reason that, being a general assignment of property, for the benefit of creditors, it does not provide for the payment of their claims *pro rata*, but for their payment "as fast as they become due;" which, it is claimed, is in derogation of that·provision of the Code, which requires that the assignment shall be made for the benefit of all creditors of the grantor, in proportion to the amount of their respective claims. Code, sec. 977. It is true, that it is not expressly stipulated or directed in the deed, that the claims of the several creditors are to be paid *pro rata*; but even if it is conceded that the grantor designed that they should be paid as their debts became due, it is by no means a necessary inference from the language used, that he intended they should be paid *in full*, in the order of their falling due. Such an inference might be a legiti-

mate one, if the property conveyed was sufficient for the payment of all the debts. But as the assignment was for the benefit of all the creditors, the natural inference is, if there is not enough to pay all, they are to be paid *pro rata*, or in proportion to their amounts, respectively. The grantor declares that the "possession of the goods, and the use of the store-house, are given to the assignee, and the notes and accounts transferred to him, to the end, and for the purpose of executing the trust, and the payment of the debts, as fast as possible, and the same become due." We think that no preference is given, by this language, to any creditor, by reason of his debt first falling due.

It is further insisted by plaintiffs, that the effect of the deed is to hinder and delay creditors, in the collection of their debts, and that the same is therefore fraudulent and void, for the reason that the grantor has not stipulated that the goods shall be sold by the assignee for cash only; but that by authorizing him "to take such steps for the sale and disposal of them as he may deem proper," it permits him to sell them on credit. In New York, it has been determined, that a clause in a deed of assignment expressly empowering the assignee to *sell on credit*, avoids the whole assignment, its tendency and effect being to hinder and delay creditors. *Barney* v. *Griffin*, 2 Comstock, 365; Burrill on Assignments, 197, 198. The contrary doctrine has, however, been held in Alabama. *Abercrombie* v. *Bradford*, 16 Alabama, 560; *Ashurst* v. *Martin*, 9 Porter, 566. In this case, no express power or direction has been given to the assignee, to sell on credit; and no intent to hinder and delay creditors, can justly be inferred from the authority given to the assignee "to take such steps as he may deem proper for the sale and disposition of the goods."

As to the objection that the grantor has not, by the deed, conveyed all his property, for the benefit of his creditors, we can only say that it does not appear that the grantor has any property not embraced by the conveyance.

Meeker v. Saunders.

We cannot assume that he owned the store-house in which the goods were exposed for sale, or any other property not conveyed, and liable for the payment of his debts. If the deed does not convey all of his property, it is good for what it does convey. That it does not include all, is no sufficient reason for adjudging it bad for what it does include. It can hardly be fairly argued that it is a general assignment, because it conveys all his property, and yet that it is void, because, being a general assignment, it does not convey all his property. A general assignment must make provision for the payment of all claims, *pro rata ;* yet, if it does not purport to convey all the grantor's property, for the payment of his debts, it is not a general assignment.

It is a sufficient reply to the objection, that the assignee is offering to sell the goods on credit, and to exchange them for country produce, that no neglect of duty by the assignee, and no misapplication of the trust fund, will render the conveyance void. It is at any time within the power of the creditors, to require the assignee to report to the district court, the condition of the trust estate, the names of the creditors, and the amount of the debts, as far as ascertained. So, the assignee may be required to give bond for the faithful performance of the trust; and if he has been negligent of the performance of his duty, or wasteful of the trust property, he may be removed from his position, and another assignee appointed in his stead.

There is no pretence that the plaintiff's claim is not as fully provided for by the assignment as that of any other creditor. It will be paid like others at the proper time, by the assignee, and if the property conveyed is not sufficient to pay the debts in full, they must expect to share with the other creditors *pro rata.* It is only a question whether they shall be thus paid, or whether the deed of trust shall be declared invalid, and they permitted to claim payment in full. It certainly recommends itself to our sense of fairness and equality, that the insolvent's property be divided ratably among all his creditors. There may be

enough to pay all. It might not result in any injustice to others to allow the plaintiff, by the judgment against the assignee, to enforce the payment of their claim in full. We are certain it will not so result, if the property is held, as provided by the Code, sec. 977, for the benefit of all the creditors, in proportion to the amount of their respective claims.

Judgment reversed.