Allen, J.
The questions presented by these appeals resolve themselves into a single one as to the true construction of the policies of insurance. Contracts of insurance are construed so as to give effect to the intent of the parties as indicated by the language employed. They do not in any respect differ from other written instruments, but are interpreted by the same rules, and one cardinal rule of interpretation requires that words and phrases in contracts, as well as in statutes and other written instruments, shall be taken in their ordinary popular sense, unless they appear to have been used in a different sense. (Springfield F. & M. Ins. Co. v. Allen, 43 N. Y., 389.)
The insurers and insured may agree upon the terms of the contract and make its validity or continuance depend upon any terms and conditions, lawful in themselves, which they may deem reasonable or proper; and whether reasonable or unreasonable is for them, not for the courts, to determine. The title of the insured to the property at risk, and the measure and extent of his interest, is, in the nature of things, a material subject of inquiry in the making of the contract. The insurers have a right to know to what extent the insured has the ability to protect or interest in protecting the property against the perils insured against, and whether other parties have insurable interests which may enable those interested to secure, in the aggregate, insurances in excess of the value of the property. The insurers certainly had the right to treat any change or alteration either of title or possession as mate *505 rial, and provide that such alteration or change should avoid the policy; and if the assured assented to the contract with this condition and limitation, effect must he given to the condition according to its terms. (Davenport v. New England Ins. Co., 6 Cush., 340; Edmands v. Mutual Safety F. Ins. Co, 1 Allen, 311.) As well the insured as the insurers are interested in the faithful observance of the conditions of the contract. The premium demanded is essentially regulated by the conditions of the contract and the risk assumed, and if conditions deemed material by the insurers are disregarded by the insured or nullified by the courts, the insurers will be made to suffer in the increased cost of insurance, as all will be made to pay for absolute and extreme risks.
By the policies, “ the heirs and representatives of A. Kirk, deceased,” were insured against loss, etc". It is not disputed that they were, and are valid policies in favor of the plaintiff as testamentary trustee of the real estate of the deceased, in whom the title to the premises insured was vested at the time of the insurance. He held the title in trust for the heirs of the decedent, and is entitled to the benefit of the policy, in trust for the beneficiaries under the will, although he is not specifically named. (Clinton v. Hope Ins. Co., 45 N. Y., 454; Herkimer v. Rice, 27 id., 163.)
Each of the insurances was upon the condition expressed in the body of the policy, that “ if the property be sold or transferred, or any change take place in the title or possession, whether by legal process or judicial decree or voluntary transfer or conveyance, etc., then, and in every such case this policy shall be void.” The word “ property ” was used here for the corpus of the thing insured, as distinguished from the interest of the insured in it; the thing owned, and which was capable of being sold or transferred, .and of which possession could be had. The word was used as it is in the division of property into real or personal, to indicate the thing itself, and not the estate or interest in it. In other policies, other expressions, widely different from this, have been held to mean simply the insurable interest in the property or thing insured; as *506 in Hitchcock v. N. W. Ins. Co. (26 N. Y., 68), the policy was to become .void “ in case of transfer or termination of the interest of the assured in the property insured,” and it was held that, so long as an insurable interest remained, the policy was not avoided. An insurable interest may exist independent of the title to the property, and, in that case, as the property may be sold, but an insurable interest covered by the policy may remain. That case was decided upon the peculiar phraseology of the condition. The conditions before us are broader, and intended to provide against a transfer of title or change in the title or possession, irrespective of any insurable interest that might arise or remain upon the change of title. In other cases cited, the conditions of the policies have differed somewhat in words from that in HitoheooTtfs Case, but were in substance the same; and in none of the cases upon which the respondent relies did the condition make void the policy upon a sale or transfer of the property itself.
The condition found in these policies has been held, whenever it has come before the courts, to prohibit the sale or transfer of the property, and a change of title has been held to work an avoidance of the policy. It is by no means a forfeiture or penalty, or in the nature of a forfeiture. The parties have determined, by their agreement, the conditions of the liability and the extent of the obligations of the insurers, and they can only be held liable in accordance with the terms of the agreement, and within the conditions of the obligation.
In Tittemore v. Vermont Mut. F. Ins. Co. (20 Vermont, 546), the policy was to become void if the property should be alienated by sale or otherwise; and while it was held that a conveyance and a simultaneous reconveyance with the right of the original owner to continue in possession was not an alienation within the condition, although the last deed was conditioned to be void on the payment of a fixed sum within a specified time, the court was of the opinion that had the premises been conveyed, and a mortgage merely taken back for the purchase-money, it would have been an alienation *507 avoiding the policy. There was no personal agreement by the grantor in the second deed to pay the moneys mentioned therein, so that the transaction was but a conditional sale, optional with the vendee whether he would consummate it, and the vendor retained the possession. It was in substance and effect an executory agreement to sell in the future. Van Deusen v. Charter Oak F. and M. Ins. Co. (1 Rob., 55) was within the same principle. There was no absolute alienation or transfer of title and possession. In Stetson v. Mass. Mut. F. Ins. Co. (4 Mass., 330), the court construed the policy as importing the continuance of the contract, notwithstanding the alienation of the premises to the extent of the insurable interest remaining. The policy gave the insured the liberty upon an alienation to surrender the policy or to transfer it.
The effect of a conveyance of the property and the taking back a mortgage for the consideration upon a policy conditioned to become void upon a sale or alienation of the property insured in whole or in part, was considered in Abbott v. Hampden Mut. F. Ins. Co. (30 Maine, 414), and it was adjudged that, to constitute an alienation which would avoid the policy, it was not necessary that there should be an absolute transfer of the whole or any distinct portion of the property. If there has been a disposition of any part of it in such form that any property has passed to another, the alienation has occurred. The title was regarded as having passed to another who had become the owner, entitled to the possession, and the vendee had but a lien for the purchase-money, which would never serve to restore the title except upon a failure of the purchaser and mortgagor to perform the condition of the mortgage, and the latter could at any time discharge the lien by paying the mortgage debt.
While the interests of the owner in fee and the mortgagee are both insurable, and each may have independent insurances, each covering his own interest, the interests are entirely distinct, and the rights and obligations of the parties to the contract different. Had the plaintiff been insured as *508 mortgagee, the insurer, upon payment of a loss, would be entitled to be subrogated to the rights of the mortgagee against the mortgagor. The distinction between an issue based on a denial of an insurable interest, and the question whether there had been an alienation or change of title, was recognized in Orrell v. Hampden F. Ins. Co. (13 Gray, 431). A change of title valid as between the parties was treated as a breach of the condition, but there no alienation was proved. A mortgage is not an alienation of the property mortgaged ; but when the condition of the policy was that “ all alienations and alterations in the ownership,” etc., of the property should make void the policy, a mortgage was held to be an alteration of the ownership and to make void the insurance. (Edmands v. Mut. Safety F. Ins. Co., 1 Allen, 311.) The court thought it material to the insurers to know who had title to or interest in the property insured. The question was directly before this court in Springfield F. & M. Ins. Co. v. Allen (43 N. Y., 389), and it was there held without dissent, following the current of authority, and giving the policy a fair and reasonable interpretation, that, the policy providing it should be void upon “ any change of title in the property insured,” it became void by a transfer of the premised by the owner, although the interest of the assured, a mortgagee, was not changed subsequent to the date of the policy. When the insurance was to the owner of the property, loss, if any, payable to a mortgagee, with a similar condition as in this case, an alienation of the property by the mortgagor was adjudged to make void the policy. (Grosvenor v. Atlantic F. Ins. Co. of Brooklyn, 17 N. Y., 391.)
The condition is not capable of two readings, and the courts have no right under the pretence of interpretation to nullify a material provision inserted for the reasonable protection of the insurers, and thus exercise a dispensing power in favor of the insured. It cannot be said that a conveyance of the fee, and the taking back a mortgage for the purchase-money, is not as well a sale or transfer as a change of title. It is sufficient, to put an end to *509 the policy, that there has been a change in the title; and no one can say that a conveyance of the fee, and substituting the interest of a mortgagee in the insured, is not a substantial change in the title. But the sale or transfer of the property was complete and absolute, and the retaining a lien for the purchase-money, either in the form of a mortgage or otherwise, did not change the character or effect of the conveyance. The fact that, to preserve equities and exclude liens which might otherwise defeat purchase-money liens, courts regard a deed of conveyance and purchase-money mortgage as simultaneous, and the rights of the parties as if the title to the amount of the mortgage interest had never passed out of the grrntor, do not aid in construing this contract, or tend to establish the claim of the respondent that there has been no transfer of the property.
Another clause in the policy adds force to the views expressed. It requires that if the interest of the. assured in the property be any other than the entire, unconditional and sole ownership, it shall be so represented and so expressed in the policy. Had the plaintiff desired to be insured as mortgagee, he should have seen that the interest was truly expressed in the contract. Another clause, providing for the case of the sale and delivery of property insured, is only applicable by its very terms to personal property, and does not qualify or affect the condition which has been considered, and which controls in these actions.
The judgments must be reversed and a new trial granted.
All concur, except Peokham, J., dissenting.
Judgments reversed.