Charles Bostwick, Assignee, Etc., Appellant, *v.* George M. Burnett, Respondent.

The bankrupt act does not invalidate or affect a voluntary assignment for the benefit of creditors, valid under the laws of the State, where no proceedings in bankruptcy have been instituted; if the creditors proceed under the laws of the State for the collection of their debts, those laws must govern and no question under said act can arise.

Accordingly *held*, that an assignment was not void as against a subsequent execution creditor levying upon the assigned property, although it gave preferences.

The filing of the requisite bond is not requisite to the passing of title to the assignee under such an assignment.

*Bostwick* v. *Burnett* (11 Hun, 301), reversed.

(Argued June 31, 1878; decided September 17, 1878.)

Appeal from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment in favor of defendant, entered upon an order dismissing the complaint on trial. (Reported below, 11 Hun, 301.)

This action was brought for the alleged unlawful taking and conversion of certain personal property.

Plaintiff claimed under an assignment for the benefit of creditors, executed by one Woodven, which gave preferences. The assignment was executed July 16, 1875; the inventory and schedules in due form were filed July twenty-eighth, and

the bond required was approved and filed August third. The defendant, a constable, levied upon the property in question July 31, 1875, under an execution issued upon a justice's judgment rendered on that same day against Woodven.

Further facts appear in the opinion.

*C. B. Herrick*, for appellant. The assignment at bar being of all the property of the assignor for the benefit of his creditors is valid under the laws of this State, although intended to give preferences. (*Riggs* v. *Murray*, 2 J. Ch., 565; *Grover* v. *Wakeman*, 11 Wend., 187; *Barney* v. *Griffen*, 2 N. Y., 365; *Jacobs* v. *Remsen*, 36 id., 668.) The ownership and right to the possession by the assignee of the assigned property were not affected by the time when the inventory and bond were filed. (*Van Vleet* v. *Slawson*, 45 Barb., 317; *Hardman* v. *Bowen*, 39 N. Y., 196; *Produce Bk.* v. *Morton*, 67 id., 199; *Brennan* v. *Willson*, 5 Wkly. Dig., 576.) As defendant's taking was wrongful previous demand and refusal were not necessary to sustain the action. (*Bates* v. *Conklin*, 10 Wend., 389; *Connall* v. *Hall*, 23 id., 462; *Boyce* v. *Brockway*, 31 N. Y., 490; *Livermore* v. *Northrup*, 44 id., 107.) The assignment was not affected by the United States bankrupt act. (*Dodge* v. *Sheldon*, 6 Hill, 9; *Seaman* v. *Stoughton*, 3 Barb. Ch., 344; *Strong* v. *Carrier*, 17 Conn., 319; *Atkinson* v. *Spear*, 49 Mass., 490; *Shryock* v. *Basbore*, 13 N. B. Reg., 481; U. S. R. S., § 5129; *Sparhawk* v. *Drexel*, 12 N. B. Reg., 450; *Gerry's Appeal*, 43 Conn., 289; *Steaver* v. *Sprink*, 8 N. B. Reg., 218; *Hislop* v. *Hoover*, 68 N. C., 141; *Lewis* v. *Sloan*, id., 557; *In re Lane & Co.*, 10 N. B. Reg., 135; *Maurer* v. *Frantz*, 8 Phila., 505; *Bean* v. *Brookmire*, 1 Del., 24; *Tool* v. *Martin*, 13 Wal., 40; *Clark* v. *Iselin*, 21 id., 360; *Maltbie* v. *Hotchkiss*, 38 Conn., 80; *In re Hunt*, 2 N. B. Reg., 539; *Mayer* v. *Hellman*, 13 id., 440; *Dutcher* v. *Wright*, 4 Otto., 553.) The assignment at bar was good. (Burr on Assmts [3d ed.], § 160; *Thrasher* v. *Bentley*, 59 N. Y., 649.)

*G. H. Williams*, for respondent. The title to the property did not vest in the assignee, and he could not maintain an action for taking it. (3 Hun, 595; 39 N. Y., 369.) The property levied on was in the custody of the law, and neither replevin or trover would lie until a demand had been made and refusal to deliver it up. (6 J. R., 44; 17 id., 128; 15 id., 402; 3 Hill, 351; 17 Wend., 57; 5 Duer, 434; 1 Kern., 505; 19 How. Pr., 481; 23 id., 84.) The assignment was in violation of the bankrupt act and therefore void *per se.* (11 Hun, 301; 66 N. Y., 597; U. S. R. S., 976, 996; § 5021, subd. 7, § 5128.)

RAPALLO, J. The assignment under which the plaintiff claims title, was valid as against a subsequent execution creditor, notwithstanding the fact that it gave preferences. The United States bankrupt act has no application to the case. The defendant does not claim under any proceedings in bankruptcy, but under an execution issued out of a justice's court, and it does not appear that any proceedings in bankruptcy have ever been instituted by or against the judgment debtor. The bankrupt act provides that preferences, made within a specified time prior to the filing of a petition in bankruptcy, may be avoided. If made anterior to the prescribed time they may stand even as against an assignee in bankruptcy. There is nothing in the bankrupt act which invalidates or affects a voluntary assignment, valid under the laws of the State, where no proceedings in bankruptcy are instituted. Such an assignment may be an act of bankruptcy which would authorize the filing of a petition by creditors; but if no proceedings in bankruptcy are instituted, and the creditors proceed under the laws of the State for the collection of their debts, those laws must govern and no question under the bankrupt law can arise.

The property having been wrongfully taken from the possession of the plaintiff no demand was necessary. No point as to demand was made on the trial. The only point there taken was that the title had not passed to the assignee at the

time defendant levied, the assignee not having then filed his bond.

That objection was untenable. The bond was filed within the time prescribed by the act.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except MILLER and EARL, JJ., absent.

Judgment reversed.