T. L. MARSALIS V. L. W. OGLESBY.

(No. 2233, R. Book No. 4, p. 221.)

APPEAL from Collin County. Opinion by WILLSON, J.

§ 256. *Assignment for the benefit of creditors.* It is well settled that an assignment for the benefit of creditors is one " upon consideration deemed valuable in law," and is not embraced within the denunciation of the statute upon frauds and fraudulent conveyances. [Rev. Stats. art. 2466.] In such an assignment the real consideration is the debts due the creditors, and these constititute a consideration deemed valuable in law in the highest sense of the term. [Halsey v. Whitney, 4 Mason, 206; Hall v. Denison, 17 Vermont, 310; Lawrence v. Davis, 3 McLean, 177; Bend v. Smith, 4 Dallas, 76; Wilt v. Franklin, 1 Binney, 502; U. S. Bank v. Huth, 4 B. Mon. 423; Hudson v. Maze, 4 Ill. 578; Meeker v. Sanders, 6 Iowa, 61; Hollister v. Loud, 2 Mich. 309; Gates v. Labeaume, 19 Mo. 17; Bump on Fraudulent Conveyances, 326; Burrill on Assignments, 219.]

§ **257.** *Assignment; inventory; attachment.* Where, at the time of the execution of the deed of assignment, there was only a partial inventory showing the names, residences, etc., of creditors, and the inventory of the property conveyed by the deed was not annexed to the deed until eight days after its execution, and until seven days after the writ of attachment was levied, and it was urged, in consequence of the failure to annex said inventories to the deed at the time of its execution, that it was not in compliance with sec. 2 of the assignment law [Appendix Rev. Stats. p. 5], *held*, that the objection was not tenable when considered in connection with the provisions of sec. 10 of said act, which provides that "no assignment shall be declared fraudulent and void for want of any inventory or list, as provided herein, but if such list and inventory be not annexed and verified, as provided in this act, it shall be *prima facie* evidence that the assignor has secreted and concealed some portion of the property belonging to his estate from his assignee, unless upon the demand of the assignee or a creditor such verified inventory and list be furnished the assignee." Under this section, if the inventory is entirely omitted, the deed would not thereby be rendered invalid.

§ **258.** *Assignee's bond; approval of.* By section 6 of the assignment law, it is provided that the assignee shall execute a bond, to be approved by the judge of the district or county court. Where it appears that such bond was executed by the assignee the next day after the deed of assignment was executed, and before the levy of the writ of attachment, but the bond was not approved until after the levy, *held*, that inasmuch as the assignee had accepted the deed and taken possession of the property, and was so in possession when the attachment was levied, the fact that his bond had not been approved did not affect his title to the property. It is the deed of assignment, and not the bond, that conveys title. Upon the execution of the deed and its acceptance by the assignee *eo instanti*, the property vests in him for the benefit of cred-

itors, and his failure to have his bond approved and filed, could not prevent the estate from vesting in him for the benefit of the creditors. [Thrasher v. Bentley, 59 N. Y. 649; Heckman v. Messinger, 49 Pa. St. 465; Hardcastle v. Fisher, 24 Mo. 70; Eicks & Moore v. Copeland, 53 Tex. 54; Atwood Manuf'g Co. v. Strauss, 17 (Hun) N. Y. 586; Read v. Robinson, 6 W. & S. 329; Bostwick v. Burnett, 74 N. Y. 317; Brennan v. Wilson, 7 N. Y. 502; Klapp's Assignees v. Shick, 13 Pa. St. 589; Hyde & Co. v. Olds, 12 Ohio St. 591; Burrill on Assignments, 351–401.]

§ 259. *Assignment which hinders and delays creditors is not therefore void, under art. 2465, Rev. Stats.* The effect of every deed of assignment is necessarily to hinder and delay creditors, and the bare intent to hinder and delay creditors being present in the mind of the debtor in making the deed, is not sufficient to avoid the deed. [Baldwin v. Peet, 22 Tex. 708.] It is the corrupt and covinous motive, the fraudulent intention, the *mala mens* with which the assignment or conveyance is made, that constitutes the fraud against which the denunciations of the statute are directed, and without the existence in fact, or presumed existence, of an immoral or bad intention or motive, fraud cannot be perpetrated either at common law or under the statute. [Bump on Fraudulent Conveyances, pp. 346, 348, 349, 350.]

§ 260. *Fraud, proof of.* The party charging fraud is bound to prove it, and that, too, by legal and competent evidence. This evidence may be found in the deed itself, or it may be established by other affirmative proof. But still, in both cases, fraud either actual or constructive must be shown. Mere conjecture or surmise, however probable or persuasive, is never allowed to establish fraud. [Bump on Fraudulent Conveyances, p. 358.]

§ 261. *Query: Can deed of assignment, made under our present assignment law* [Appendix Rev. Stats. p. 5], *be attacked for fraud?* While it is not necessary to a disposition of this case that we should determine the question, we will say that there is strong reason and good

authority to support the position that a deed executed in accordance with the statute is not open to attack upon the ground of fraud by a non-consenting creditor. [Bancroft & Cuffee v. Blizzard, 13 Ohio, 30; Floyd & Co. v. Smith, 9 Ohio St. 546; Thomas v. Talmadge, 16 Ohio St. 433; Hyde & Co. v. Olds, 12 Ohio St. 591; Byrne v. Becker, 42 Mo. 264; Donaho & Co. v. Fish Bro. & Co. Sup. Court, Tyler Term, 1882.]

April 6, 1882.    Affirmed.