Tribune Company, Appellee, v. R. & J. Furniture Sales, Inc., Defendant and Harvey Klein, Appellant.

Gen. No. 47,551.

First District, Third Division.
February 11, 1959.
Released for publication March 11, 1959.

Collen, Kessler & Kadison, of Chicago (Mark A. Greenhouse, of counsel) for garnishee-defendant and appellant.

Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago (David Jacker, Charles W. Johnson, of counsel) for plaintiff-appellee.

JUSTICE BRYANT delivered the opinion of the court.

This is an appeal from a judgment entered in favor of the Chicago Tribune Company and against garnishee-defendant, S. Harvey Klein, assignee for the benefit of creditors of R. & J. Furniture Sales, Inc., in the sum of $1,827.28.

Before September 4, 1957, R. & J. Furniture Sales, Inc., defendant-assignor, had become indebted to plaintiff for advertising in the sum of $1,808.68. On August 27, 1957, R. & J. Furniture Sales, Inc., made a purported assignment for the benefit of creditors to Harvey Klein, garnishee-defendant. Thereafter notices

were sent by garnishee-defendant Harvey Klein to plaintiff, the Tribune Company, of the assignment of R. & J. Furniture Sales, Inc., to said Harvey Klein and requested that plaintiff sign consents to said assignment. Plaintiff, the Tribune Company failed to execute its consent to said assignment.

On September 4, 1957, plaintiff recovered a judgment in the Municipal Court of Chicago against R. & J. Furniture Sales, Inc., in the sum of $1,808.68. Thereafter plaintiff filed its affidavits of garnishment against Harvey Klein as garnishee-defendant for the balance due on the judgment against R. & J. Furniture Sales, Inc., amounting to $1,836.28 including court costs, and summons issued thereon. Garnishee-defendant Harvey Klein answered that he was the assignee of R. & J. Furniture Sales, Inc., and as such that he was not garnishable. Thereafter plaintiff traversed the answer of garnishee-defendant. Hearings were held on the answer and the traverse, and on March 5, 1958, judgment was entered in favor of plaintiff, the Tribune Company, against defendant Harvey Klein, assignee for the benefit of creditors of R. & J. Furniture Sales, Inc., in the sum of $1,827.28.

The question in controversy is whether, in view of the assignment made on August 27, 1957, by R. & J. Furniture Sales, Inc., to garnishee-defendant Harvey Klein, and the failure of plaintiff, the Tribune Company, to consent to said assignment, said Harvey Klein was liable in garnishment for the funds which he held in his hands as assignee of R. & J. Furniture Sales, Inc.

■ ■ In Illinois the debtor has a right to make a common law assignment for the benefit of his creditors, Howell v. Edgar, 4 Ill. 417. But an assignee under a void assignment acquires no rights as against a non-consenting creditor, Hudson v. Maze, 4 Ill. 578.

■ The test of the validity of an assignment for the benefit of creditors is whether or not it is fair and

free from fraud. Wilson v. Pearson, 20 Ill. 81; Hardin v. Osborne, 60 Ill. 93. It therefore becomes incumbent upon us to consider the provisions of the assignment. The clauses of the assignment, the validity of which has been attacked in the court below and is here for review, are as follows:

"Fourth: . . . That the Trustee and Assignee is hereby given the power to determine the status of all claims filed against this estate and compromise same, and to pay said claims so filed against this estate, in order of priority, and the said Trustee and Assignee shall be the sole judge of the question of priority against this estate.

"Seventh: It is agreed and understood that the Trustee and Assignee shall not be liable for errors or mistakes in judgment, or any wrongful act on the part of said Assignor and for said Trustee and Assignee, in connection with the continuance and conduct of said business, or any act or doing under and by virtue of this instrument . . ."

██ An assignment which gives the assignee the power both to compromise creditors' claims and to prefer creditors is void, because it is an attempt to indirectly coerce creditors into release of their claims for less than their full debt. Nesbitt v. Digby, 13 Ill. 388, at 393; Tribune Co. v. Canger Floral Co., 312 Ill. App. 149, at 157.

██ It is contended by defendant-appellant that the only questions reserved on the appeal are the assignee's right to determine priorities against the estate, and the clause which relieves the assignee from liability for mistakes in judgment or wrongful acts on the part of the assignee or trustee. It appears clear to us that Paragraph 7 of the assignment above cited is invalid, because any provision which relieves the trustee from any responsibility for his wrongful acts would be clearly in derogation of the rights of the creditors, McIntire

v. Benson et al., 20 Ill. 500; Finlay v. Dickerson et al., 29 Ill. 9.

It has been urged that, even if certain clauses in the assignment are invalid, when they are separable, such clauses do not render the entire instrument invalid, and the invalid provisions may be disregarded. Pelc v. Kulentis, 257 Ill. App. 213; Corcoran v. Lehigh & Franklin Coal Co., 138 Ill. 390. That theory might apply to the provision relating to the responsibility of the assignee-trustee, because the assignment could proceed, and the assignee-trustee would be liable in accordance with the general provisions of the law.

 The provision which gives the assignee-trustee a right to compromise claims and, more particularly, to be the sole judge of the question of priority against the estate is clearly onerous to creditors and void. It falls squarely within the law above cited, which holds such provisions void because they are prejudicial to the rights of the creditors.

To avoid the application of that law, it has been urged that priority here takes its technical meaning and is not the equivalent to preference, and refers to such situations as where debts owing the United States government have a statutory priority, and other priorities established by law. That is not the meaning of the word as used in this clause. To hold so would make it meaningless. If the word priorities has that technical meaning, then there will be nothing for the trustee to judge, nor can he be made the sole judge of such priorities. They would be fixed by statute and the law. This paragraph, and particularly that part relating to priorities, is void. The capacity to compromise and fix priorities goes to the very heart of the assignment. It is not separable from the main purpose of the assignment and renders the entire instrument invalid.

In the language of some of the decisions the provision is clearly onerous and unreasonable. This lan-

guage was used in the finding by the trial court and is completely justified.

█ It has been held that the provisions of an assignment which attempt to relieve the assignee-trustee from his duties under the law renders the assignment void. Finlay v. Dickerson et al., 29 Ill. 9, at 23.

█ It follows that, if the assignment is void and has not been consented to by the creditor, then the assets in the hands of the trustee are subject to garnishment by a creditor. Tribune Co. v. Canger Floral Co., 312 Ill. App. 149, at 159.

The judgment is affirmed.

Judgment affirmed.

FRIEND, P. J. and BURKE, J., concur.