**Edward BATIE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42137.**

Court of Criminal Appeals of Texas.

June 11, 1969.

Rehearing Denied July 16, 1969.

⸻◆⸻

. Howard B. Law, Dallas, for appellant.

Henry Wade, Dist. Atty., Scott Brady, Malcolm Dade, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, 3 years.

The indictment alleged the burglary of a house occupied and controlled by Alice Blake.

The two grounds of error set forth in appellant's brief relate to the sufficiency of the evidence, the errors assigned being:

(1) the submission of the case to the jury and

(2) the failure to grant a mistrial.

Both claims of error are predicated on the contention that the state failed to prove that the house was owned by Alice Blake.

The state's evidence reflects that the house which appellant entered was located

next door to the residence of Ruby Lee and her husband, and was vacant. Shortly after 6:30 A.M. on July 27, 1966, Mrs. Lee noticed appellant approach the vacant house and enter the back door, which she knew was closed. After waiting for some fifteen minutes to see if he would leave, Mrs. Lee called the police who apprehended appellant in the house in the act of removing copper pipes which were installed in the house.

Alice Blake testified that she was 86 years old; that she was the owner of the house and, after moving out of it some 14 years ago, "kept it rented" and that she still owned the house.

Appellant relies upon Mrs. Blake's further testimony that she sold the house to W. S. Williams and did not own it on July 27, 1966, the date of the alleged burglary.

Alice Blake further testified that she had to repossess the property; that Williams moved out and when she called to find out why the payments were not coming in, he said: "Well, they wouldn't stay there any longer."

While the evidence shows that the foreclosure proceedings were completed after the burglary, Mrs. Blake had superior title by reason of the unpaid purchase money; and the testimony of Alice Blake and her neighbor, Ruby Lee, reflects that after Williams vacated the property and prior to the burglary, Alice Blake resumed control of the premises, cleaned the house and yard and, with the assistance of her neighbor Mrs. Lee continued to exercise control of the house and premises.

Appellant testified. The jury rejected his testimony that he entered the house only to urinate.

The testimony of Mrs. Blake reflects that she did not know appellant and did not give him her consent to enter the house or to take any property from it.

The grounds of error are overruled.

The judgment is affirmed.