## CHARLES GOOD v. THE STATE.

*No. 3652.    Decided October 24.*

1. **Evidence, Circumstantial.**—It was several days after the animal was killed before the defendant was in any way connected with it by the evidence, and then only when he assisted in loading it out of the smoke house of a third party into a wagon. Neither at that time nor at any other did defendant make any claim to the meat, except that after it was loaded into the wagon he received pay for it. *Held*, that the evidence is too meager and inconclusive to warrant defendant's conviction as the original taker, or thief.

2. **Evidence—Want of Consent, Proof of.**—Where the alleged owner is a witness and fails to give direct and positive testimony as to his want of consent to the taking of his property, such want of consent will not be inferred from other circumstances in evidence.

3. **Charge of Court—Circumstantial Evidence.**—See charge of the court upon circumstantial evidence which, though not in the language of approved forms, is held substantially sufficient in the absence of special requested instructions more elaborately presenting the law upon that subject.

APPEAL from the District Court of De Witt.    Tried below before Hon. H. Clay Pleasants.

This appeal is from a conviction for theft of a cow, with punishment assessed at two years in the penitentiary.

The opinion of the court sufficiently discloses the facts.

Upon circumstantial evidence the court instructed the jury in the third paragraph of its charge as follows: "The law recognizes two species of evidence—direct and circumstantial. By direct evidence is meant the testimony of an eye-witness to any given fact, and by circumstantial evidence is meant *the proof of any fact* which is in dispute

by proving several minor facts or circumstances to the exclusion of every reasonable doubt, which minor facts are such as will admit of no reasonable solution or explanation except upon the assumption of the existence of the fact which is disputed."

*Baker & Sumners,* for defendant, filed a very interesting brief.

*R. H. Harrison,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—The alleged stolen animal, if found and identified by the owner and those assisting him in the search, was not found in possession of appellant. The head was found back of one Goodson's field, and the meat in Goodson's smoke house. Defendant is not shown to have had any connection with the taking or killing of the animal. It was several days after it was killed before he was connected in any manner with it, and then only when he helped one Dennis and Goodson to load half of it on Dennis' wagon out of Goodson's smoke house; and neither of these parties testified that even then the defendant laid any claim to the meat, except that he received pay for it from Dennis. The testimony as to defendant's guilt is entirely circumstantial in character, and is most meager, inconclusive, and so unsatisfactory as that we do not feel that it would be safe to let the conviction stand as a precedent. We are of opinion the judgment should be reversed for the insufficiency of the evidence. In this connection we would also call attention to the fact that, notwithstanding the alleged owner was a witness in the case, there is no direct and positive proof of his want of consent to the taking of the animal, but proof of same is left to be inferred alone from the circumstances in evidence.

The court's charge upon circumstantial evidence is not in the language of approved forms, but, in the absence of a special requested instruction submitting the law more fully, we are not prepared to say that it is not sufficient. Willson's Criminal Forms, No. 714, presents the law of circumstantial evidence as it has been approved by this court. Bookser v. The State, 26 Texas Ct. App., 593.

It is unnecessary to discuss other questions raised in appellant's brief. For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Hurt, J., absent.