### J. T. BROWN v. THE STATE.

No. 469.  Decided February 23, 1910.

**1.—Burglary—Accomplice—Matter of Fact.**

Where, upon trial for burglary, the evidence with reference to the fact that the State's witness was an accomplice not being apparent, the court correctly submitted the issue as a question of fact to tne jury, instead of charging the jury that said witness was an accomplice as a matter of law, there was no error.

**2.—Same—Want of Consent—Bill of Exceptions—Circumstantial Evidence.**

Upon trial for burglary there was no error in proving want of consent by circumstantial evidence, where no objections were made by the defendant, and in the absence of a bill of exceptions in the record on appeal showing that a motion was made to strike out this testimony, the matter can not be revised.

**3.—Same—Rule Stated—Want of Consent.**

While it is true that want of consent, in a case of theft or burglary to commit theft, may be shown by circumstantial evidence; such proof, however, is not admissible if positive or direct proof is available; however, where want of consent is proved by circumstantial evidence without objection by defendant, and there is no bill of exceptions reserved in the record on appeal, the matter can not be revised.  Following Schultz v. State, 20 Texas Crim. App., 308.

Appeal from the District Court of Smith.  Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of burglary; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Gentry & Castle* and *Jas. M. Edwards,* for appellant.—On the question of the court's charge on accomplice:  Sessions v. State, 37 Texas Crim. Rep., 58; Joy v. State, 41 Texas Crim. Rep., 46, 51 S. W. Rep., 933; Wilkerson v. State, 57 S. W. Rep., 956; Hatcher v. State, 65 S. W. Rep., 97; Armstrong v. State, 33 Texas Crim. Rep., 417, 26 S. W. Rep., 829.

On question of want of consent on circumstantial evidence:  Porter v. State, 1 Texas Crim. App., 394; Lawrence v. State, 2 Texas Crim. App., 479; Scott v. State, 3 Texas Crim. App., 103; Reed v. State,

14 Texas Crim. App., 662; Treadwell v. State, 16 Texas Crim. App., 643; Black v. State, 18 Texas Crim. App., 124; Taylor v. State, 23 Texas Crim. App., 639.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—Appellant was tried and convicted in the court below for burglary and his penalty assessed at confinement in the penitentiary for four years.

The indictment alleged that the house burglarized was the property of one J. R. Richardson and that said house was burglarized with intent on the part of the appellant to fraudulently take, steal and carry away from the house personal property in said house belonging to and in the possession of Richardson and without his consent, etc. We are asked to reverse this case upon two grounds set up in the motion for new trial.

1. It is contended that the court below erred in not charging the jury that the witness Claud Williams was an accomplice as a matter of law. We do not agree that the contention of appellant in this respect is correct. From an inspection of the statement of facts, it is shown that the witness Claud Williams carried the shotgun that had been taken out of the house at the time it was burglarized to the witness Dr. Moore to sell it, some two weeks after the burglary. Dr. Moore asked the witness where he got the gun and witness told him that he procured it from the defendant; he, Moore, then, before he paid the witness Williams for the gun, sent for the defendant, and when defendant came up he asked him if he owned the gun and defendant said he did, and asked him where he got it; the defendant said he had picked cotton for it and claimed that the gun belonged to him. The witness Williams testified that the defendant told him he had a gun and that the said gun was down at the house of a negro woman by the name of Sophia Smith; that the witness lived about a mile from where Sophia Smith lived; that the defendant went and got the gun and brought it to his, witness', mother's house; that the defendant told witness that he would give him $3 if he would sell the gun for him. This witness denied that he knew anything about the property being stolen. The proof further showed, on the part of Mrs. Richardson, the wife of the man whose house was burglarized, that she had this defendant and his father at work at her place a few days before the burglary, and that she had occasion to go to the house where she kept the gun to get a water hose, and that she unlocked the door and the defendant went in and got the hose. The theory of the State being that the appellant became acquainted with the premises on the occasion when he and his father were working there a few days before the burglary. We do not think the facts make a case where the duty was upon the court to peremptorily instruct the

jury, as a matter of law, that the witness Williams was an accomplice. The rule, as we understand it, being that where it is apparent and is plain from the evidence on the trial that a party testifying is an accomplice, either in law or in fact, the court should so instruct the jury. See Sessions v. State, 37 Texas Crim. Rep., 58. If, however, the evidence presents a question as to whether or not a witness is an accomplice, then and in that event the court should leave the issues to be found by the jury under appropriate instructions, applying like all other instructions the law to the facts bearing upon the issue. See Armstrong v. State, 33 Texas Crim. Rep., 417; Williams v. State, 33 Texas Crim. Rep., 128, and White v. State, 30 Texas Crim. Rep., 652. We, therefore, hold that the court did not err in his charge to the jury on the subject as to whether the witness Williams was or not an accomplice.

2. It is urged that this court should reverse the case because the court below erred in not instructing a verdict of not guilty because the State had failed to prove the want of consent of the witness J. R. Richardson, the owner of the property. Mrs. Richardson, the wife of J. R. Richardson, took the stand and testified that her husband was a traveling man, and that at the time the house was burglarized was in West Texas somewhere; that they had been living in Tyler, Smith County, Texas, for some time, and at this particular place some two or three weeks; that her husband did not return home until some time after the burglary; that he was away from home now (at the time of the trial), and was in Western Texas. This was offered on the part of the State as circumstantial evidence to show want of consent on the part of Richardson. There is no bill of exceptions in the record as to the admission of this testimony, but the contention is made here that want of consent must be proved like any other fact in the case by the best testimony that the nature of the case will admit, and that the want of consent by the owner primarily should have been proved, and that to prove it circumstantially is secondary evidence, and that such testimony can not be resorted to when direct and positive testimony is attainable, and the proof failing to show that the witness Richardson was beyond the jurisdiction of the court and out of the State, the State should have been required to introduce the witness. There was no special charge requested by appellant upon this issue in the trial of the case in the court below. In the trial for burglary where the burglarious entry is alleged to have been made with intent to commit the crime of theft it is essential to both allege and prove the want of consent of the owner of the property. This, however, may be shown by circumstances which would absolutely exclude every reasonable presumption that the owner gave his consent. See Rains v. State, 7 Texas Crim. App., 588; Clayton v. State, 15 Texas Crim. App., 348, and Miller v. State, 18 Texas Crim. App., 34. It is insisted in the case at bar that while it is true such proof may be made by circumstantial evidence, this proof, however, can not be resorted to so

long as positive or direct proof is available. There is no doubt of the correctness of this proposition, and had objections been made in the court below and a proper bill of exceptions reserved, showing that such circumstantial evidence was objected to when tendered on the trial, this court would have been compelled to have held that the testimony was not sufficient. In the case of Schultz v. State, 20 Texas Crim. App., 308, it was held that a defendant can not avail himself of the error of the court below in permitting circumstantial evidence unless a proper bill of exceptions was reserved to such proof when tendered on the trial and that in the absence of such bill appellant is in no attitude to make complaint as to this matter. See Stewart v. State, 9 Texas Crim. App., 321, and Williams v. State, 19 Texas Crim. App., 276. In the Schultz case Holt was the owner of the property. Anders had the possession of the property, Holt having left the horse in Anders' possession. The horse was taken from Anders and the witness Anders testified that he did not know where Holt was at the time of the trial. He further said that Holt was the owner of the pony and had the legal right to take him or send another person for him. He further said that he did not believe that he would have sent for the pony without giving him notice. In Williams v. State, supra, the property stolen was alleged to belong to Mallory and Allen, composing the firm of Mallory & Allen. The store was in Corsicana; Mallory lived in Waco; Allen testified that the property was taken without his consent and at the time the property was taken Mallory was in Waco. This testimony having been admitted without objection the court held that the appellant could not complain that there was better evidence in existence and within reach of the prosecution, and it is stated in that opinion that while it has been held by the court that circumstantial evidence to prove a fact could not be resorted to when there was direct evidence in existence and no sufficient reason was shown for its nonproduction, yet in all cases, without exception, it is held that a bill of exceptions must be reserved to the introduction of inferior evidence. It was further stated in this opinion that a great many opinions have been misunderstood as holding that circumstantial evidence will not support a verdict where it appears that direct evidence was attainable. This proposition would be correct if a bill of exceptions was reserved to the action of the court below. We, therefore, hold that in the absence of a bill of exceptions in the record showing that a motion was made to strike out this testimony, that these circumstances might be taken as evidence of the fact that Richardson did not give his consent to the taking of the property, and in the shape in which the record is, the question is not before us in such manner as that we can revise the action of the court below. The case seems to have been tried fairly, all the issues properly submitted in the court's charge, and there being no errors of sufficient importance to require a reversal, the judgment of the court below is affirmed.

*Affirmed.*