# JUNE 1921.

### F. S. HUNT v. THE STATE.

No. 6165.   Decided June 1, 1921.

**1.—Theft of Automobile—Accomplice—Corroboration.**

Where, upon trial of theft of an automobile, the testimony of the accomplice was sufficiently corroborated, there was no error in the court's refusal of a requested charge to acquit on this account.

**2.—Same—Ownership—Charge of Court.**

Upon trial of theft of an automobile, the court should have submitted a requested charge to acquit defendant unless the jury believed from the evidence, beyond a reasonable doubt, that the automobile sold by the defendant belonged to the alleged owner.

**3.—Same—Requested Charge—Licensed Receipt.**

The requested charge with reference to the effect of the introduction of the licensed receipt in evidence should have been given in some form.

**4.—Same—Misdemeanor—Precedent—Felony—Theft of Automobile.**

The contention of defendant that the theft of an automobile is a misdemeanor, regardless of the value of the car, is untenable.

5.—Same—Want of Consent—Theft—Insufficiency of the Evidence.

Where, upon trial of theft of an automobile, the owner of the alleged property testified in the case and failed to give direct and positive testimony as to his want of consent to the taking of the property, such want of consent will not be inferred from other testimony, and the same is reversible error. Following Caddell v. State, 49 Texas Crim. Rep., 133, 90 S. W. Rep., 1014.

Appeal from the District Court of McLennan. Tried below before the Honorable Richard I. Munroe.

Appeal from a conviction of theft of an automobile; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*George Clifton Edwards,* and *McCutcheon & Church,* for appellant. —Cited cases in opinion.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction was for theft of an automobile. Punishment was assessed at ten years in the penitentiary.

Sims, an accomplice, testified that he and appellant stole a new Ford car in Waco on a certain Saturday night from a certain place described by him. That they carried this car out in the country, changed the motor number on it, and put a highway license number on it which had prior to that time been taken out in Bell County preparatory for use on a stolen car; that it was taken out in the name of J. H. Hines; appellant took the car north and afterwards reported to witness that he had sold it in Dallas; witness was unable to recall the highway license number they put on the car, or the motor number; after this car was taken they discovered in it a bathing suit which they threw away.

The owner of the car, Roy Poole, testified that his car had been stolen from the point where Sims claimed he and Hunt got it. Poole had left a bathing suit in his car, which he never saw again. This car was taken on June 12. On June 17th Powell bought a car from Hunt in Dallas, bearing at that time motor number 3886427, and license number 490006. Hunt transferred to Powell a State license purporting to have been issued to J. H. Hines by the Bell County Tax Collector, bearing numbers corresponding to the ones on the car. This license was introduced by the State. Powell sold the car to Maxwell, and Poole got it back from Maxwell. When Poole lost his car a tassell which had been pulled off a dress was in it, and when the car was recovered this same tassell was found under one of the seats, and it was partly in this way the car was identified.

This is a companion case to two other cases against Hunt which were decided in March of this year, but not yet reported, and many questions raised in this case were decided in them, and will not be discussed at length again.

A special charge was requested directing the jury to return a verdict ·of not guilty, because there was not sufficient evidence to corroborate the accomplice. There was no error in refusing to give this charge. We believe the car, was sufficiently identified as the Poole car, and appellant was found in the possession of it recently after the theft, and we think the corroboration sufficient.

The court was also asked to charge the jury to acquit appellant unless they believed from the evidence beyond a reasonable doubt that the car sold to Powell belonged to Poole. This charge should have been given. See Hunt cases, *supra,* and authorities cited.

· The charge requested with reference to the effect of the introduction of the license receipt in evidence was erroneous; but a charge as indicated in the other opinions should have been given.

Appellant's contention that the theft of an automobile is a misdemeanor, regardless of the value of the car, was fully discussed in one of the opinions heretofore rendered in a case against the same appellant, and, therefore, will not be discussed again here.

We have expressed our views upon all questions, save one, raised by the record in this case, in the other cases referred to. The records are very similar, and some of the same errors appear in this record as were disclosed in the others.

In appellant's motion for new trial he urges that he is entitled to the same: "Because the State did not prove as required by law, postively, and in terms, the want of consent requisite to conviction; the owner of the car alleged to have been stolen being present and testifying, twice, in the case, for the State."

An examination of the statement of facts discloses that the ground for the motion for new trial is well taken. While Roy Poole, the owner of the alleged stolen car, testified to all the circumstances from which the jury might infer that it was taken without his consent, it appears that at no time during his examination was he asked in regard to his want of consent. If the State relied upon the fact that the circumstances might justify the conclusion that he did not consent, it was not sufficient. Where the owner of the alleged stolen property is present and testifies before the jury, and fails to give direct and positive testimony as to his want of consent to the taking of the property, such want of consent will not be inferred from .other circumstances in evidence. This question will be found fully discussed in Caddell v. State, 49 Texas Crim. Rep., 133, 90 S. W. Rep., 1014, in which a great many cases are reviewed and cited.

For the errors herein pointed out, and others discussed in the former opinions referred to, the judgment is reversed and the cause remanded.

*Reversed and remanded.*