LEROY DILLARD AND OBIE BROWN v. THE STATE

No. 16728.   Delivered May 16, 1934.

The opinion states the case.

*R. D. L. Killough,* of Vernon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE—Conviction is for burglary; punishment, against Dillard was assessed at three years in the penitentiary, and against Brown at four years in the penitentiary.

The indictment contained two counts the first charging the burglary of a house "occupied and controlled" by Scott Hall, with intent to steal property from him. The second count charged the burglary of a house "occupied and controlled" by Ray White, with intent to steal property from him. The second count only was submitted to the jury.

The house burglarized was a garage situated on property owned by Mrs. Dena Hall, mother of Scott Hall. The evidence shows that Mrs. Hall had some things stored in the garage, and that White was keeping his car in the garage but not paying for the privilege. The property stolen was taken from the car, some being casings and other things of which the car was stripped, and other property which was inside the car. The State's Attorney calls to our attention the fact that if the occupancy and control was properly alleged in White there is an entire absence of proof of want of consent from him. Want of consent from Scott Hall was proven, but as heretofore stated the count which charged occupancy and control in him was abandoned.

Upon the point under consideration, White testified as follows: "I recall when I lost some accessories off my car * * * At that time I was keeping my car down at Scott Hall's garage here in Vernon. I do not know the street number but it was at the residence of Mrs. Hall, who is the mother of Scott Hall. * * * Just this garage up at Scott Hall's home place was broken into * * *. They had a bunch of stuff in there, bedding and cots and things like that."

Scott Hall testified: "I recall the occasion of *my garage* being broken open down there. At that time there was some junk in the garage out there. I don't know what was in it besides Ray White's car. * * * I had charge of that garage and I did not give anybody permission to break in there. Nobody had any authority to go in there except myself and family and Ray White. Ray White did not pay so much for the use of that garage, I just let him put his car in there and did not charge him anything * * *. My mother owns that place, but that is my garage, I built it, my mother gave me permission to build the garage on her property."

Mrs. Hall testified as follows: "The garage was for Buddy's car when he was there. * * * I let Ray White have it to put his car in as we didn't have a car then. * * * I own the

garage and I let Mr. Ray White have it. How much he paid to leave his car there, will state that his mother had been my friend so long I would have been humiliated in charging him anything. I owned that garage and told him he could put his car in it. He got permission from me to put his car in there and I did not charge him anything. I had charge and control of the garage."

Neither from the evidence quoted nor from any other found in the record was proof made as to White's non-consent. Whether a failure to make such proof was an oversight, or whether the State was relying on the circumstances shown to supply such proof, is not ascertainable from the record. In either event the absence of such evidence is fatal to the conviction. The State may not resort to proof of circumstances to supply evidence of non-consent where the party whose non-consent it is necessary to show is present and testifies as a witness upon the trial. Caddell v. State, 49 Texas Crim. Rep., 133, 90 S. W., 1014; Hunt v. State, 89 Texas Crim. Rep., 404, 231 S. W., 775. Many authorities are cited in the first case mentioned.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*