## OLLIE CHESTER WILSON v. STATE.

No. 30,992. October 28, 1959.

*Spence & Martin,* Wichita Falls, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The indictment alleged that appellant attempted to break and enter a house occupied by one Vern Hickey, without his consent, with intent to fraudulently take property from said house without Hickey's consent.

The punishment, enhanced by a prior conviction for felony theft, was fixed by the court at four years in the penitentiary, the maximum punishment for attempted burglary.

There is no statement of facts.

Bill of Exception No. 1 certifies that the state relied upon circumstantial evidence; that the defendant did not testify; that Vern Hickey testified as a witness, but that said Vern Hickey did not testify that he did not give his consent to appellant to enter the house controlled by him, or to attempt to break into or enter said house, nor did said Hickey testify that he did not give his consent to appellant to take personal property from said house.

The testimony of the witness Hickey made a part of the court's qualification verifies that he was not asked and did not testify to such want of consent.

Under the holding of this court in Stallworth v. State, 167 Texas Cr. Rep. 19, 316 S.W. 2d 417, and the cases therein cited, want of consent of the person alleged to be the owner may not be proven by circumstantial evidence, the owner being available to testify on the question.

The judgment is reversed and the cause remanded.