Dennis Ray **HOLMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44063.

Court of Criminal Appeals of Texas.

July 28, 1971.

Rehearing Denied Oct. 26, 1971.

 

A. L. Lowery, Holt & Tatum, Nacogdoches, for appellant.

Robert M. Allen, County Atty., J. R. Patterson, Asst. County Atty., Henderson, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for burglary with intent to commit theft; the jury assessed the punishment at two years.

The appellant's sole ground of error is that the State failed to prove the ownership of the burglarized premises at the time of the burglary.

The indictment alleged that on August 6, 1970, the appellant burglarized a house occupied and controlled by Rayford Fancher. The State's evidence showed that at about 12:30 a. m., the appellant was apprehended by two deputy sheriffs near a car parked on the premises of a Fina service station in Mt. Enterprise, Texas. The service station was found to have been burglarized, and the appellant was in possession of $38 cash, two checks belonging to the service station, some change, and a watch taken from the service station.

The appellant's version was that he was stopped to change a flat tire, that the money was his, that he had never seen the watch until the day before the trial, and that he was not in possession of the checks.

Relevant portions of Fancher's testimony were as follows:

"Q Ray and Jim's Fina Station. Are you part owner, or the manager?

"A I was part owner here until about three months ago, and the other boy left, and bought out another station.

"Q What capacity do you hold now, as manager of that station?

"A Yes.

"Q As manager of the station, do you maintain that station and everything there is under your supervision and control?

"A Yes, sir.

"Q In other words, all of the merchandise and equipment there is under your supervision?

"A Yes, sir.

\*    \*    \*    \*    \*    \*

"Q On or about the 6th day of August, 1970, was *your* place of business there locked? (Emphasis added)

"A Yes, sir."

During direct examination, Fancher was continually questioned about "your service station" or "your place of business." Thus, the evidence as to ownership was as follows: (1) sometime in the past, Fancher was part owner; (2) at the time of trial he was manager and occupied and controlled the station; (3) he affirmatively answered questions regarding "your" station, such questions referring to the time of the offense.

We note also the following testimony by Fancher:

"Q Is this a watch that you owned, or that came out of your service station?

"A It came out of my service station."

The cumulative effect of all the questions was to establish that Fancher had actual control, care, and management of the service station on the date of the offense. Maxey v. State, Tex.Cr.App., 424 S.W.2d 639; Batie v. State, Tex.Cr.App., 442 S.W.2d 725. See: George v. State, Tex.Cr. App., 454 S.W.2d 742; Burleson v. State,

Tex.Cr.App., 449 S.W.2d 252; Metzger v. State, 168 Tex.Cr.R. 268, 325 S.W.2d 396; Harris v. State, Tex.Cr.App., 471 S.W.2d 390.

The appellant's ground of error is over-ruled.

The judgment is affirmed.

ODOM, J., not participating.