OPINION

Mirylon CLARK, Appellant,

v.

The STATE of Texas, Appellee.

No. 47017.

Court of Criminal Appeals of Texas.

Oct. 24, 1973.

GREEN, Commissioner.

The conviction is for the offense of burglary with intent to commit theft; the punishment, enhanced under Article 62, Vernon's Ann.P.C., twelve (12) years.

Rosendo Torres was the head janitor of the Northwood Elementary School at 519 Pike Street in San Antonio. On Wednesday, March 15, 1972, he went to the school at 7:00 a .m. and found that the south side door had been broken into. Upon entering the school, he noticed that several doors in the principal's office, secretary's office, and bookroom had been pried on. On several of the doors, the louvers had been removed. Torres then called the San Antonio police and W. J. Everitt, the principal of the school.

Everitt testified that when he arrived at his school he found that someone had broken into his office suite which included his secretary's office, his supply room and his office. Approximately $3.00 was missing from his secretary's desk. Everitt also discovered that $10.00 which was to be used in the Easter Seal program was missing from the storage room in his office. Sixty-one (61) cassette tapes valued at $2.75 each were taken from another supply room and a tuning fork was missing from a classroom. Everitt examined the entire building in order to determine how the entry had been gained. He testified that the metal door on the south entrance had pry marks on the outside of the door and he assumed someone had pried the doors open. Everitt further stated that he did not know appellant and did not give him permission to break or enter his school.

San Antonio Police Officer Nagy went to the school that morning for the purpose of attempting to lift latent fingerprints. Inside the building he took a print from a door louver which had been pried upon. Officer Zook compared this latent print

Jack A. Efron (court appointed on appeal only), San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles Roberts, Dick Ryman and Michael P. Hodge, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., Austin, for the State.

with the known prints of the appellant and testified that both prints were made by one and the same person.

Officer Carver of the Alamo Heights Police Department testified that between 2:00 and 5:00 a. m., on March 15, 1972, he saw an automobile parked on a street in Alamo Heights in violation of a city ordinance. As he approached the automobile he observed the driver get up from the front seat, start the vehicle, and drive away rapidly. Carver pursued the automobile with his emergency lights and siren on. The driver of the automobile ran a red light and did not have his headlights on. Finally, Officer Carver managed to stop the automobile. He identified appellant as the driver. Inside appellant's automobile he found a twelve-inch crowbar, a twelve-inch screwdriver, a three-quarter-inch chisel, a one-inch chisel, a half-inch chisel, a cassette tape player, a pair of black leather gloves, a tuning fork, and some money.

Appellant testified in his own behalf, admitting that he had previously been convicted of the burglary of a high school in Atascosa County. He denied that he had broken into the Northwood Elementary School and stated that he had no idea where it was located.

Appellant contends that the ownership of the burglarized school was not proven. The indictment alleged the ownership to be in W. J. Everitt. Appellant argues in support of this ground that there was no direct testimony by Everitt, the principal of the school, that he had the care, control and management of the burglarized premises.

This is a case of circumstantial evidence. The trial court so recognized and instructed the jury thereon. While Everitt was not specifically asked whether he had care, custody and control of the burglarized premises, the record contains many instances of Everitt referring to "my school" and "my office." After discovering the burglary, Torres testified that the first person he called was Mr. Everitt, the principal. As a result of Everitt's testimony, it can logically be inferred that he had the care, control and management of the burglarized premises. Cf. Gilbreath v. State, 158 Tex.Cr.R. 616, 259 S.W.2d 223.

In Holman v. State, 471 S.W.2d 394 (Tex.Cr.App.1971), a service station had been burglarized. The indictment alleged ownership in one Fancher. During direct examination, Fancher was continually questioned about "your service station" or "your place of business." This Court noted that sometime in the past Fancher had been part owner; at the time of trial he was manager of the station; and he affirmatively answered questions regarding "your" station. As in Holman v. State, supra, we hold that the cumulative effect of all the questions was to establish that Everitt had actual control, care, and management of Northwood School on the date of the offense.

By pro se brief, appellant contends that the evidence is insufficient to support the conviction. We disagree. See Clark v. State, 500 S.W.2d 107 (1973).

We have examined appellant's other pro se contentions and find them without merit.

The judgment is affirmed.

Opinion approved by the Court.