James Allen TAYLOR, Appellant,

v.

The STATE of Texas, Appellee.

No. 47009.

Court of Criminal Appeals of Texas.

April 24, 1974.

Will Gray (On appeal only), Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and George Karam, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for burglary with intent to commit theft; the punishment, eight years imprisonment.

The first question presented is whether the evidence is sufficient to show want of consent of the alleged owner to the entry and taking of his property.[1]

A review of many cases confirms the accuracy of the following quotation from Branch's Penal Code:

"While it is not necessary to prove the owner's want of consent to a forcible entry of his premises (cited cases omitted),

yet where the burglary alleged is one with the intent to commit theft and the owner is present and testifies in court, it is then necessary for him to testify that he did not give his consent to the defendant to take any of his property which may have been stolen. There is some quibbling in the cases as to whether the State is required to prove that the owner did not consent to both the theft, where one is committed, and also entry, the whole reasoning in burglary cases, whether erroneous or otherwise, apparently being based on the want of the owner's consent to the taking of his property. (Cited cases omitted.) The general practice in burglary cases is for the State, wherever possible, to prove both such facts; that is, that the owner did not consent to either the entry or to the taking of any of his property. In any event, proof of both of such facts is the safer practice. (Cited cases omitted.) Such facts may be proved by circumstantial evidence where that is the only evidence available." 4 Branch's Ann.P.C.2d, 865, § 2536.

Some of the more recent cases which are in accord with the cases cited in Branch's in support of the above quoted rules are Wilson v. State, 168 Tex.Cr.R. 420, 328 S.W.2d 305 (1959); Stallworth v. State, 167 Tex.Cr.R. 19, 316 S.W.2d 417 (1958); and Mitchell v. State, 166 Tex.Cr.R. 291, 313 S.W.2d 286 (1958). But see and compare Casarez v. State, 468 S.W.2d 412 (Tex.Cr.App.1971) and Sizemore v. State, 496 S.W.2d 80 (Tex.Cr.App.1973).

In this case, although the alleged owner was a witness, he failed to testify that he did not give the appellant consent to enter

---

1. The State with commendable candor concludes its brief as follows:
    "In the instant case, the alleged owner Tallie Devereaux testified as a witness for the State and failed to testify to his lack of consent either to the entry or to the taking of his property. Although the circumstantial evidence of want of consent is strong in the instant case and is considered sufficient in other jurisdictions, the rule in Texas is otherwise. Therefore, unless the above rule as announced more recently in Stallworth v. State, 167 Tex.Cr.R. 19, 316 S.W.2d 417; Wilson v. State, 168 Tex.Cr.R. 420, 328 S.W.2d 305 and distinguished on the facts in Chavez v. State, Tex.Cr.App., 479 S.W.2d 687, be overruled and set aside it appears that the evidence is insufficient to support the conviction."

the premises or to take personal property therefrom. The State candidly suggests that for this reason the evidence is insufficient unless the line of cases represented by those above cited is overruled. It appears this is a rather unique rule that requires lack of consent, one element of the offense of burglary with the intent to commit theft or theft, to be proved by testimonial rather than circumstantial evidence, unless it is shown testimonial evidence is not available.

The earlier cases in this State permitted such proof to be made by circumstantial evidence. See, e. g., Wilson v. State, 45 Tex. 76 (1876) and McMahon v. State, 1 Tex.App. 102 (1876).

In Wilson v. State, supra, the defendant was charged with theft of a gelding belonging to Granville Criner. The defendant requested that the jury be instructed the State must prove that Criner did not give him consent to take the gelding by Criner's own testimony or by the confession of the defendant. The trial court refused to do so and charged the jury as follows:

"[T]he want of the owner's consent could be established by evidence of the party from whom the property was taken, or the party who was the owner, or it may be established by facts and circumstances, provided such circumstances so proven are of such nature as to exclude absolutely every reasonable presumption that the owner gave his consent to the taking."

The Supreme Court held the charge given to be proper.

In McMahon v. State, supra, the alleged owner who testified concerning the theft of a gelding did not testify that he did not give his consent to the taking of the gelding and it was held that such proof could be made circumstantial evidence. The Court in that case said:

"While it is conceded that want of consent of the owner to the taking, in a charge of theft, is a necessary ingredient to the crime, yet it is believed that this want of consent may be established by circumstantial as well as direct testimony. This we regard as a settled proposition laid down by the elementary writers, and acted on by our Supreme Court without variations, from the decision of Henderson v. State, 14 Tex. 503 down to the present time."

However, later in the last century the rule was changed and it has been perpetuated for many years. See e. g., Schultz v. State, 20 Tex.App. 308 (1886) and Good v. State, 30 Tex.App. 276, 17 S.W. 409 (1891).

In Schultz v. State, supra, the Court stated:

"In a trial for theft the want of the owner's consent to the taking of the property by the accused may be shown by circumstances which absolutely exclude every reasonable presumption that the owner gave his consent. (Rains v. The State, 7 Tex.App., 588; Stewart v. The State, 9 Tex. App., 321; Spruill v. The State, 10 Tex.App., 695; Wilson v. The State, 12 Tex.App., 481; Clayton v. The State, 15 Tex.App., 348; Miller v. The State, 18 Tex.App., 34.)

"But it is insisted that, whilst such proof can be made by circumstantial evidence, circumstantial proof cannot be resorted to so long as positive or direct proof is available. This rule is also settled, provided the party made objection at the time to the proof by circumstantial evidence. Such objection, to avail an appellant in this court, must appear by a proper bill of exception showing that such circumstantial evidence was objected to when tendered on the trial. (Stewart v. The State, 9 Tex.App., 321; Williams v. The State, 19 Tex.App., 277.) In this case no objection was taken or bill of exception reserved to the proof adduced, as above stated, to show Holt's want of consent; and the charge of the court fully presented the law with regard to proof of want of consent by

circumstantial testimony. We cannot see that appellant is in an attitude to make complaint of this matter."

In Good v. State, supra, it was said:

"We are of [the] opinion the judgment should be reversed for the insufficiency of the evidence. In this connection we would also call attention to the fact that, notwithstanding the alleged owner was a witness in the case, there is no direct and positive proof of his want of consent to the taking of the animal, but proof of same is left to be inferred alone from the circumstances in evidence."

Among the cases requiring direct or testimonial evidence to prove a want of consent to the entry or taking in burglary and theft cases are: Wisdom v. State, 61 S.W. 926 (Tex.Cr.App.1901); Caddell v. State, 42 Tex.Cr.R. 579, 90 S.W. 1013 (1905); Brown v. State, 58 Tex.Cr.R. 336, 125 S. W. 915 (1910); Meredith v. State, 85 Tex.Cr.R. 239, 211 S.W. 227 (1919); Hunt v. State, 89 Tex.Cr.R. 404, 231 S.W. 775 (1921); Herrin v. State, 97 Tex.Cr.R. 494, 262 S.W. 486 (1924); Mitchell v. State, 117 Tex.Cr.R. 78, 38 S.W.2d 331 (1931); Dillard v. State, 126 Tex.Cr.R. 292, 71 S.W.2d 529 (1934).

The reasoning advanced in support of the rule in many of the cases is that circumstantial evidence could not be resorted to where direct evidence was obtainable, because testimonial evidence was the best evidence and that the best evidence obtainable must be adduced. This was an incorrect application of the best evidence rule which relates to documents and written evidence. See and compare Casino v. State, 495 S.W.2d 232 (Tex.Cr.App.1973); Overton v. State, 490 S.W.2d 556 (Tex.Cr.App. 1973). See also 2 McCormick and Ray, Evidence, § 1561 at pp. 399–400.[2]

The facts in the case at bar illustrate that circumstantial evidence has probative value equal to testimonial evidence to show the owner's lack of consent to the entry and taking of his property.

As Mrs. Tallie Devereaux was preparing breakfast around 9:15 a. m. on December 2, 1971, she heard the front door bell ring. She looked through the blinds at a window and saw the appellant, who was wearing a leather jacket, at her door. Mrs. Devereaux recognized appellant as the same man she had seen walking down her street exactly two weeks earlier before another burglary of her home. Because she did not want to "take any chances" she did not answer the door. Instead, when the door bell ringing persisted, Mrs. Devereaux gathered up her two small children and went to her bedroom. She called her husband as soon as the man stopped ringing the door bell, and told him what had happened. She went to the back bedroom after hanging up the telephone, and through the window she saw "two guys" wearing leather jackets. They had just come over her back fence and were headed toward the back part of the house. She could not identify either man positively. She ran and called the police at this point, and then telephoned her mother. While talking to her mother, she heard the back window being broken. Her mother told Mrs. Devereaux to "grab the kids and run into the bathroom and lock it up." This Mrs. Devereaux did. While in

---

**2.** "§ 1561. The Best Evidence Rule is a Rule about Writings Only.

"In the earlier textbooks and decisions (footnote omitted) it is broadly stated, affirmatively, that the 'best' evidence of which the case is susceptible is all that the law requires, and negatively, that no other than such 'best' evidence is admissible. While the former or affirmative statement might be a very desirable rule, yet it is believed that today the assertion in neither of its forms represents an actual general rule of law. Although there are a few other rules requiring that evidence of a certain type be produced (or shown unavailable) before other evidence of the same fact may be admitted, such as the rule requiring the production of attesting witnesses, (footnote omitted) the 'Best Evidence Rule' today is confined in its application to the requirement that to prove the contents of a *document*, the original document must be produced. . . . . "

the bathroom she heard footsteps and voices all over the house. The voices were gone in eight to ten minutes, and Mrs. Devereaux opened the bathroom door to find her bedroom ransacked, her purse rifled, and a television and stereo gone.

Tallie Devereaux himself testified that, after receiving the call from his wife, he left work and hurriedly drove home. As he turned onto a street very near his home, he noticed a yellow and black van truck with the hood up and lights flashing. As he reached his driveway he saw two men in his backyard. One of them was handing Devereaux's television to a third man outside the fence, whom Devereaux identified as the appellant. Devereaux heard someone say something, and saw the appellant drop the television set and begin running back toward the van truck. The two other men jumped the fence and followed. Devereaux ran back into his front yard, where he saw his brother-in-law just driving up. They both got in a car and gave chase to the truck. The appellant, who was driving, saw Devereaux when he pulled up beside the van, and began trying to get away in the van. When Devereaux shot his brother-in-law's gun into the air, however, the van stopped. Two men in the van leapt out and escaped afoot, but Devereaux and his brother-in-law were able to apprehend appellant and another man.

■ This evidence is sufficient to prove circumstantially a want of consent. We hold that proof of lack of consent to the entry and taking of personal property in prosecutions for burglary with intent to commit theft or theft may be made by circumstantial evidence the same as any other issue in a criminal case may be proved by circumstantial evidence. Cases holding to the contrary are overruled.

■ The appellant urges that the trial court committed reversible error when it admitted "evidence of an extraneous offense, a prior burglary of the Devereaux house." When the questioned evidence was admitted in the form of Mrs. Devereaux's testimony, however, appellant made no objection on the ground now presented. His only objection was to the materiality and relevancy of the evidence. It was only after Mrs. Devereaux had testified in detail to observing appellant just before a prior burglary of her house, and after further hearing on the matter out of the presence of the jury, that appellant objected that the testimony amounted to evidence of an extraneous offense. In order to preserve error, an objection to inadmissible evidence must be urged at the earliest possible opportunity. Navajar v. State, 496 S.W.2d 61 (Tex.Cr.App.1973); Horn v. State, 491 S.W.2d 170 (Tex.Cr.App.1973); Lucas v. State, 444 S.W.2d 638 (Tex.Cr. App.1969). Moreover, appellant has not shown any legitimate reason for delaying his objection. Lucas v. State, supra.

We overrule this ground of error.

■ Appellant says finally that he was entitled to an instructed verdict of acquittal because the State failed to prove that the burglarized house was occupied and controlled by Tallie Devereaux. However, Devereaux testified that on the date in question he resided at the address alleged in the indictment, with his wife and two children, and he continually referred to the premises as "my house" or "my home." His wife testified that she resided at the burglarized house. The effect of the testimony of Mrs. Devereaux and Devereaux himself, viewed as a whole, was to warrant fully the jury's finding that the premises alleged in the indictment were occupied and controlled by Devereaux. See Clark v. State, 500 S.W.2d 507 (Tex.Cr.App.1973); Holman v. State, 471 S.W.2d 394 (Tex.Cr. App.1971); Maxey v. State, 424 S.W.2d 639 (Tex.Cr.App.1968).

The judgment is affirmed.

Opinion approved by the Court.

ONION, Presiding Judge (dissenting).

Color me amazed once again. See Aldrighetti v. State, 507 S.W.2d 770 (dissenting opinion delivered March 27, 1974).

The appellant raises two and only two grounds of error. They are as follows:

"1. The Court committed reversible error in admitting evidence of an extraneous offense, a prior burglary of the Devereaux house.

"2. The Court committed reversible error in denying Mr. Taylor's motion for an instructed verdict of acquittal on the ground that the State had failed to prove that the burglarized house was occupied and controlled by Tallie Devereaux."

In his argument under the second ground of error appellant reviewed the evidence and then stated:

"While the foregoing evidence appears sufficient under the authorities to establish the indictment allegations that the house in question was occuped (sic) and controlled by Tallie Devereaux, the issue is raised by counsel on appeal as the only other possible point of error contained in the record."

The record supports the conclusion that Tallie Devereaux occupied and controlled the premises in question as alleged.

Nevertheless, the majority reaches out and says:

"The first question presented is whether the evidence is sufficient to show want of consent of the alleged owner to the entry and taking of his property."

Even though this is not a ground of error, the majority overturns well-settled law, not only in burglary cases, but in theft cases as well, all unnecessarily in my opinion.

The long-standing rule being interred today is well described in 55 Tex.Jur.2d, Theft, Sec. 185, pp. 445–447—circumstantial evidence, as follows:

"Where positive and direct proof is available, want of consent cannot ordinarily be shown by circumstantial evidence. The best evidence of want of consent is the testimony of the owner, and circumstantial evidence is inadmissible to show want of consent unless it appears that the owner is inaccessible by the use of ordinary diligence or is beyond the reach of legal process. Thus where the owner is present and has failed to give direct and positive testimony as to his want of consent to the taking, such want of consent will not be inferred from other circumstances in the evidence. But want of consent may be proved by circumstantial evidence when the owner is dead or is incompetent to testify, or where without fault on the part of the state direct testimony cannot be produced, or where it is alleged that the owner is unknown, or where no objection is made when the evidence is offered. And where the evidence, though circumstantial, shows an absolute want of consent, a conviction will not be reversed because want of consent was not proved by the direct and positive testimony of the owner who was a witness in the case.

"Where circumstantial evidence is relied on the circumstances proved must absolutely exclude every reasonable presumption that the owner gave his consent. The rule permitting want of consent to be shown by circumstantial evidence in certain cases does not make admissible for that purpose testimony that would be inadmissible under other rules of evidence, such as that as to hearsay."

It is clear that the rule prohibits the use of circumstantial evidence only where direct evidence of the fact is attainable, which in my opinion is a sound rule. While some of the cases refer to the attainable direct evidence as being the best evidence, there is nothing to indicate the court was relying upon the best evidence rule about writings as now assumed by the majority to reach their desired result.

I dissent.