**Hilton Jerome CEASAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–83–0105–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 20, 1983.

Matthew Leeper, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before LEVY, WARREN and DOYLE, JJ.

## OPINION

LEVY, Justice.

Appellant seeks reversal of a conviction by the court of the offense of aggravated robbery, for which he was assessed a penalty of twenty years confinement. He raises three grounds of error before this court.

On October 14, 1982, the appellant entered the Billups convenience store where the complainant was on duty and purchased a bag of chips. The complainant recognized the appellant as the same man she had seen in the store some six or seven times in the previous two weeks. As the complainant opened the cash register to give the appellant his change, the appellant roughly demanded all the money. With a pistol pointed at her, the complainant then proceeded to give the appellant all the money she had. After the appellant left the store, the police were called, and a composite picture was drawn on the basis of the complainant's description. About a week later the complainant picked the appellant's photograph from a photo spread that consisted of eight males and, when questioned, the complain-

ant testified that there was no question in her mind that she had identified the man who had robbed her.

■ In his first ground of error, the appellant contends that the evidence is insufficient to sustain a conviction for aggravated robbery in that the State failed to prove an essential element of the theft by not offering any direct evidence by its witness that the taking was done without the effective consent of the owner. Contrary to this argument, however, the Court of Criminal Appeals has held on many occasions that direct testimony is no longer the only evidence which may be offered to prove a lack of consent for aggravated robbery. In *Taylor v. State,* 508 S.W.2d 393 (Tex.Cr.App. 1974), overruling prior cases holding to the contrary, the court held that even if the owner never explicitly testified that he didn't give the appellant consent to enter or take the property, such lack of consent may still be proved by circumstantial evidence, the same as any other issue in a criminal case may be proved by circumstantial evidence. *Id.,* at 397. In *Taylor,* detailed testimony was presented by the complainant and her husband showing the circumstances of the break-in, and what each party saw and heard during the commission of the offense. Affirming the conviction, the court found the evidence was sufficient to prove circumstantially from the record has as much probative value as testimonial evidence to show that the property was taken without the owner's consent. *Taylor v. State, supra* at 396; *Prescott v. State,* 610 S.W.2d 760 (Tex.Cr.App.1981).

In the case at bar, we find sufficient circumstantial evidence to establish lack of consent. The complainant testified that the appellant, standing only two or three feet away, pointed a pistol at her chest and roughly demanded all the money. The complainant further testified that she proceeded to give him all the money she could and the appellant put the money into his coat pocket. An ancient truism was codified by Texas Penal Code Ann. sec. 31.01(4)(A) which provides that consent is not "effective" if induced by coercion. Because the

complaining witness was obviously coerced at the point of a gun, the evidence so adduced at trial excludes any other reasonable theory except the taking of property without her consent.

The appellant's first ground of error is overruled.

■ For his second ground of error, appellant urges that the evidence was insufficient to support a conviction for aggravated robbery because the State failed to prove a requisite element of the indictment regarding the complainant being threatened and placed in fear of imminent bodily injury and death.

Sitting en banc in *Robinson v. State,* 596 S.W.2d 130, 133 (Tex.Cr.App.1980), the Court of Criminal Appeals stated that ". . . the display of a deadly weapon of and within itself constitutes a threat of the required imminent harm." The complainant in the instant case directly testified, "My life passed before my eyes" when she was asked about her state of mind. The appellant stood only two or three feet away from the complainant, pointed a pistol at the center of her chest, and, with obscenity, demanded the money that she had. It would be irrational from these circumstances to conclude that the complainant was not placed in fear of imminent bodily injury or death. The appellant contends that the complainant could not have been placed in such fear because the pistol was not cocked. But the Court of Criminal Appeals held in *Carvajal v. State,* 529 S.W.2d 517, 521 (Tex.Cr.App. 1975), that although the gun used by the defendant therein to threaten a police officer was not cocked, the gun was nevertheless a "deadly weapon." When pointed at a complainant's chest in a threatening manner, cocked or uncocked, a loaded firearm does not invite felicitous meditation and rarely permits Olympian analysis.

Appellant argues in his third and final ground of error that the evidence was insufficient to support the conviction for aggravated robbery because the State failed to establish beyond a reasonable doubt a requisite element of theft, in that it failed to prove that the victim was the owner of the property allegedly taken.

■ Sec. 1.07(a)(24), Tex.Penal Code Ann., provides three ways by which the State might show that the complainant was the "owner" of the property taken. The State must prove that he had: (1) title, (2) possession, or (3) merely a greater right to possession than the appellant.

■ In *McGee v. State,* 572 S.W.2d 723 (Tex.Cr.App.1978), the case relied on by appellant, the court held "the greater right to possession" theory applied only in cases where both the owner and the actor had a joint interest in the property. This interpretation of the statute was rejected in *Compton v. State,* 607 S.W.2d 246, 250 (Tex. Cr.App.1980), cert. denied, 450 U.S. 997, 101 S.Ct. 1701, 68 L.Ed.2d 197 (1981), where the court expressed its intention to follow the legislative intent to expand the class of individuals to be protected by theft. The "greater right to possession" of property theory is thus no longer limited to joint ownership situations.

In *Smallwood v. State,* 607 S.W.2d 911, 914 (Tex.Cr.App.1980), the court held that a dock worker, who accosted a thief seeking to remove property from the department store where the dock worker was employed, had a greater right to possession of that property than did the thief. Again, in *Turcola v. State,* 643 S.W.2d 164, 166 (Tex.App. —Dallas, 1982), the Court held that a department store clerk, employed by the owner of title, had a greater right to possession of the property than a thief. We conclude, of course, that in a case such as that before us, it is the employment relationship that determines whether a given individual is an "owner," thereby conferring a greater right to possession, within the meaning of Texas Penal Code Ann. sec. 1.07(a)(24) (Vernon 1974). While in the instant case there is no direct testimony that the complainant had custody and control of the store, it could certainly be inferred from the evidence. The complainant testified that she was working at the store from 2:00 p.m. until 10:00 p.m. on the day in question and was alone. We hold that the evidence was suf-

ficient to establish her as having a greater right to possession of the property than the appellant.

The appellant's third ground of error is overruled and the judgment of conviction is affirmed.