ACCEPTED
06-15-00054-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
8/21/2015 11:57:21 AM
DEBBIE AUTREY
CLERK

## NO. 06 – 15 – 00054 – CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
8/21/2015 11:57:21 AM
DEBBIE AUTREY
Clerk

IN THE SIXTH DISTRICT COURT OF APPEALS
TEXARKANA, TEXAS

### TASARIRISHE TACHAKA ALEX

**Appellant,**

**v.**

### THE STATE OF TEXAS

**Appellee**

On appeal from the 124TH District Court, Gregg County, Texas
Trial Court Case No. 43,827-B

## BRIEF OF THE STATE OF TEXAS

**– ORAL ARGUMENT NOT REQUESTED–**

CARL L. DORROUGH
Criminal District Attorney

Zan Colson Brown
Texas Bar No. 03205900
Assistant Criminal District Attorney
Gregg County, Texas
101 East Methvin St., Suite 333
Longview, Texas  75601
Telephone: (903) 236–8440
Facsimile:  (903) 236–3701
Email: zan.brown@co.gregg.tx.us

# TABLE OF CONTENTS

TABLE OF CONTENTS ...............................................................................................1

INDEX OF AUTHORITIES........................................................................................2

STATEMENT OF FACTS...........................................................................................3

SUMMARY OF THE ARGUMENT ..........................................................................4

ARGUMENT AND AUTHORITIES.........................................................................5

    1) The Standard for Reviewing Evidence Sufficiency ........................................5

    2) Lack of effective consent was proved beyond a reasonable
       doubt. ...............................................................................................................5

    3) Lack of consent may be proved circumstantially. ...........................................7

    4) The jury found Franklin's lack of consent to have been
       established beyond a reasonable doubt without his
       testimony. .......................................................................................................8

PRAYER ...................................................................................................................11

CERTIFICATE OF SERVICE .................................................................................12

CERTIFICATE OF COMPLIANCE ........................................................................12

# INDEX OF AUTHORITIES

**Federal Cases**

*Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)  6

**State Cases**

*Byrd v. State*,
 336 S.W.3d 242 (Tex. Crim. App. 2011)  7, 8

*Hooper v. State*,
 214 S.W.3d 9 (Tex. Crim. App. 2007)  6

*King v. State*,
 29 S.W.3d 556, 563 (Tex. Crim. App. 2000)  6

*Matamoros v. State*,
 901 S.W.2d 470, 474 (Tex. Crim. App. 1995)  6

*Moreno v. State*,
 755 S.W.2d 866 , 867 (Tex. Crim. App. 1988)  6

*Taylor v. State*,
 508 S.W.2d 393 (Tex. Crim. App. 1974)  7,8

**State Statutes**

Tex. Penal Code Ann. § 1.07 (a) (35) (A) (West 2013)  7

Tex. Penal Code Ann. § 30.02 (a) (1) (West 2013)  6

**State Rules**

Tex. Penal Code § 30.02(a)(1) (2010)  6

Tex. Rules of App. Proc., Rule 9 (2013)  12

**STATEMENT OF FACTS**

Appellant Tasaririshe Alex was indicted for burglarizing a Jack in the Box store in Kilgore, Gregg County, Texas on or about March 9, 2014. She had been employed as a team leader at that store for over a year, but had been fired about a month before the burglary took place. The indictment alleged, among other things, that Curtis Franklin, the owner, had not given Alex consent to enter the building.

Appellant has summarized the testimony of each witness in Appellant's Statement of Facts, and the summaries are sufficient to provide this Court with an overview of the entire trial. Appellant's Brief at 5–10.   The State will not duplicate that effort, but instead call the Court's attention to specific facts pertinent to the issue in the Argument and Authorities section, below.

## SUMMARY OF THE ARGUMENT

The evidence on which Appellant was convicted was sufficient. The State proved that on March 9, 2014, Tasaririshe Alex broke into the Jack in the Box store in Kilgore, Gregg County, Texas, while it was not open for business, without the consent of the owner, Curtis Franklin, and committed theft.

The sole issue on appeal is whether the State proved that Alex did not have owner Curtis Franklin's consent to enter the building. Although Curtis Franklin did not testify, testimony of Francheska Ward, who spoke on Franklin's behalf, Angela Valencia, and Detective Tim Dukes, who had interviewed Franklin, together provided the jury with enough information for them to reasonably conclude that Franklin had not consented to Alex's unlawful entry. A rational jury could have found, beyond a reasonable doubt, that Curtis Franklin did not give Tasaririshe Alex permission to use a piece of concrete to break a window after business hours, enter the store through the broken window, and open a locked safe (using the code she knew from having worked there) and remove the money.

<h1 style="text-align: center">ARGUMENT AND AUTHORITIES</h1>

## 1) The Standard for Reviewing Evidence Sufficiency

Evidence is sufficient when, viewed in the light most favorable to the verdict, a rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 318-19. Appellate courts cannot reverse a defendant's conviction unless no rational jury could find the defendant guilty beyond a reasonable doubt. *Jackson*, 443 U.S. 307. The appellate court's duty is not to reweigh the evidence from reading a cold record but to "position itself as a final, due process safeguard ensuring only the rationality of the fact-finder." *Matamoros v. State*, 901 S.W.2d 470, 474 (Tex. Crim. App. 1995); *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). Deference is given to the "responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (quoting *Jackson*, 443 U.S. at 318-319).

Appellate courts should avoid disturbing a jury's verdict unless necessary as a matter of law. *King v. State*, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). The State requests that this Court share in that deferential spirit by affirming Appellant's conviction based on the evidence presented.

## 2) Lack of effective consent was proved beyond a reasonable doubt.

Appellant asserts that evidence is insufficient to show that Curtis Franklin, the named owner, did not give effective consent to Tasaririshe Alex to break into

the Kilgore Jack in the Box after it was closed for business, open the safe, and remove the cash therein. See Appellant's Brief at 5-10.

To establish burglary, the State must prove the defendant, with intent to commit theft, entered a building without the effective consent of the owner. Tex. Penal Code Ann. § 30.02(a) (1) (2013). Appellant's brief focuses the court's attention on whether the evidence was sufficient to prove Appellant entered without the effective consent of Curtis Franklin, owner.

The State must allege the name of the owner of the stolen property, but it is not a substantial element of theft or burglary. *Byrd v. State*, 336 S.W.3d 242, 251, n. 48 (Tex. Crim. App. 2011). The identity of the person (or entity), not the formal name, guides and controls the sufficiency of the evidence on review. *Byrd*, 336 S.W.3d at 253. In *Byrd,* the owner named in the indictment was never mentioned at trial or connected to the property by any of the evidence. *Byrd*, 336 S.W.3d at 245.

The State alleged the name of the district manager, Curtis Franklin, as the special owner of the Kilgore Jack in the Box. CR 4. No evidence was entered as to the title holder of the building, and Curtis Franklin did not testify, but unlike the *Byrd* case, the State did put on evidence of Franklin's connection to the business. Francheska Ward testified that as the general manager of the Jack in the Box, she did the hiring and firing, made schedules, did truck orders, and oversaw all the employees, and that Curtis Franklin was her district manager and supervisor who had given her authority to speak on this matter. 3 RR 94, 95, 114.

6

It would have been permissible to allege a business entity as the owner of the property that was unlawfully entered, and then call "any agent or employee who holds a relevant position in the company" to testify that it did not give consent for a person to break in and steal. *Byrd*, 336 S.W.3d at 252. It is also permissible to allege a natural person as the owner, even if that natural person does not hold legal title, because one definition of "owner" is "a person who . . . has . . . possession of the property, . . . or a greater right to possession of the property than the actor." Tex. Penal Code Ann. § 1.07 (a) (35) (A) (West).

The State in this case did not allege the business entity as the owner; it alleged Curtis Franklin as the owner. Therefore, the State had to prove that Curtis Franklin had not consented to Tasaririshe Alex's unlawful entry. Both Franklin and Ward had a greater right to possession of the property than Alex. Alex had been fired.

## 3) Lack of consent may be proved circumstantially.

Lack of consent may be established with circumstantial evidence. *Taylor v. State*, 508 S.W.2d 393, 397 (Tex. Crim. App. 1974). In *Taylor*, the owner was available and testified, but did not testify that the perpetrators in his home invasion did not have his permission to enter his home and take his property. In the present case, the alleged owner was not called to testify, but someone (Francheska Ward)

7

who was more closely connected to the individual store, testified that she had given no permission to enter the store, nor was she was aware that Franklin had given such permission. The holding in *Taylor* was that "proof of lack of consent to the entry and taking of personal property in prosecutions for burglary with intent to commit theft or theft may be made by circumstantial evidence the same as any other issue in a criminal case may be proved by circumstantial evidence." *Taylor*, 508 S.W.2d at 397.

## 4) The jury found Franklin's lack of consent to have been established beyond a reasonable doubt without his testimony.

The following summarizes the circumstantial evidence that led the jury to conclude that Franklin had not consented to Alex's entry and reasonable conclusions that can be drawn from those facts.

Francheska Ward is the general manager at the Kilgore Jack in the Box. 3 RR 94. Curtis Franklin is her district manager, and she testified that "He comes in and just, you know, kind of makes sure I'm doing what I'm supposed to be doing." 3 RR 95. She then reaffirmed that she was the person in charge of the Kilgore Jack in the Box store that was burglarized. 3 RR 95. She stated that she had his authority to speak for him in this matter. 3 RR 114. That statement went uncontested. Ward was called in when the break-in was discovered, and she called police and helped them gather video evidence. 3 RR 95. Ward had hired Tasaririshe Alex to work at Jack in the Box in 2013, promoted Alex to team leader and then fired her about a month to six weeks before the break-in. 3 RR 103,

8

104. Ward recognized Alex' clothing vehicle when she viewed the surveillance video. 3 RR 102, 108, 121, 126-129, 131,132. Ward recognized Alex in the video as the person who climbed in through the window. 3 RR 112, 100, 119. Employees Cecilia Sanchez and Luciana Alvarez also recognized Alex when they viewed the video. 3 RR 137, 140-141, 160, 162.

Ms. Ward testified that Curtis Franklin had also seen the video, and that he had told her she had authority to speak for him in this matter. 3 RR 114. No objection was made to this claim of authority. She testified she normally acted on behalf of the store. 3 RR 114. She said that nobody had her permission to be in the store when it was closed and locked, and she had given nobody permission to be in the store after closing on that specific day. She said that no employee, after having been fired, has her permission to be in the back area of the store. 3 RR 114-115. Over a hearsay objection (overruled), when asked if she was aware if Franklin had given Alex permission to be in the store on that day, she replied, "No." 3 RR 115. A rational fact finder could have reasonably inferred that Ward would have been aware of it if Franklin had given such consent and that she was not aware of his consent because he had never given such consent.

Angela Valencia testified that nobody had permission to be inside the store after she closed it that night. 3 RR 41. When she left, nobody else was there. 3 RR 43.

Kilgore Police Detective Tim Dukes testified he had spoken first with Franklin, even before he spoke with Ward. 3 RR 166. Dukes had noted that Franklin "named a vehicle that was like hers." 3 RR 173. A rational fact finder could have reasonably concluded that when Dukes and Franklin spoke about the break-in, Franklin would have

9

told Dukes that Franklin had given Alex permission to enter the store after hours if he had, indeed, given such permission. Likewise, a rational fact finder could have reasonably concluded that if Franklin was cooperating with the police to find the perpetrator, by naming a vehicle that was like hers, he had not given her permission to be in the store at that time. And most obviously, if Franklin had given her permission to be there when it was not open for business, he would have given her a key to a door rather than have her break a window to gain access.

Dukes collected the video from Ward. When he met with Ward and two of her employees, he said he wanted to look at it with them and see if they could figure out who the intruder was. They responded immediately, "Well, that's not going to be hard, because we recognize her." 3 RR 172. All three, Ward, Sanchez and Alvarez. named Alex as the person on the video. 3 RR 170. A vehicle visible in the video was later found to have matched Alex' vehicle. 3 RR 170. Dukes said Franklin had assisted in identifying that vehicle.

The defense put on no witnesses to say they had heard Franklin give permission to Alex to break into the store and take the money. The defense did not cross-examine any of the State's witnesses on that point. The defense did not argue in his closing statement that the State had not proved lack of consent. The defense did not make it an issue at trial. The jury was instructed that "effective consent" includes consent by a person legally authorized to act for the owner, and "owner" means a person who has . . . greater right to possession of the property than the actor." 4 RR 13. They were also instructed as follows:

> While you should consider only the evidence, you are permitted to draw reasonable inferences from the testimony and exhibits that are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the evidence.

4 RR 18.

In conclusion, evidence of the owner's lack of consent, although circumstantial, was sufficient for a rational jury to reasonably conclude that Alex did not have the owner's consent to break into the Jack in the Box when it was not open to the public and to take money from the locked safe. Appellant's sole point of error should be overruled and the conviction affirmed.

**PRAYER**

For the foregoing reasons, the State prays that the sentence be affirmed.

Respectfully Submitted,


/s/**Zan Colson Brown**
Zan Colson Brown
Texas Bar No. 03205900
Assistant Criminal District Attorney
101 East Methvin St., Suite 333
Longview, TX 75601
Telephone: (903) 236–8440
Facsimile: (903) 236–3701
 Email: zan.brown@co.gregg.tx.us

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record by efiling to :

Mr. Ebb Mobley
P.O. Box 2309
Longview, Texas 75606
ebbmob@aol.com

this 21st day of August, 2015.

/s/**Zan Colson Brown**
Zan Colson Brown
Assistant Criminal District Attorney


# CERTIFICATE OF COMPLIANCE

I certify that the foregoing document complies with Texas Rules of Appellate Procedure, Rule 9 regarding length of documents, in that exclusive of caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix, it consists of 2,174 words.

/s/ **Zan Colson Brown**
Zan Colson Brown
Assistant Criminal District Attorney