IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-234-CR





DAVID FITZGERALD FREEMAN,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT



NO. 94-013, HONORABLE FRED A. MOORE, JUDGE PRESIDING



 





PER CURIAM

 A jury found appellant guilty of aggravated robbery. Tex. Penal Code Ann.
§ 29.03 (West 1994). (1) The district court assessed punishment at imprisonment for thirty-five
years.

 In point of error one, appellant contends the evidence is insufficient to prove that
the offense was committed within the statute of limitations. The limitations period for aggravated
robbery is five years. Tex. Code Crim. Proc. Ann. arts. 12.01(4)(A), 12.03(d) (West Supp.
1994). The indictment in this cause was filed on January 5, 1994.

 The complaining witness, Bobbie Davis Bryant, testified that she was employed as
cashier at the Quick Pantry convenience store in Lockhart from October 8, 1993, until January
1994. She further testified that appellant entered the Quick Pantry during the early morning hours
of November 9 and robbed her at gunpoint. Although Bryant did not expressly state the year in
which the robbery took place, her testimony as a whole is sufficient to show that it was committed
on November 9, 1993. Bryant's testimony was corroborated by that of an investigating police
officer, who testified that the date of the offense was November 1993. Point of error one is
overruled.

 Appellant's second point of error is that the State failed to prove that Bryant owned
the money taken in the robbery. As previously noted, Bryant was employed as cashier at the
Quick Pantry. Except for appellant, she was alone in the store at the time of the robbery. Bryant
testified that when appellant pointed a pistol at her and demanded her money, she opened the store
cash register and stepped back while appellant took the money. Again, while Bryant did not
expressly testify that she had care, custody, and control of the stolen money, her testimony as a
whole is sufficient to establish her possession of the money, and thus her ownership. Tex. Penal
Code Ann. § 1.07(a)(35(A) (West 1994); Compton v. State, 607 S.W.2d 246, 250-51 (Tex. Crim.
App. 1980) (opinion on motion for rehearing); Ceasar v. State, 661 S.W.2d 256, 258 (Tex.
App.--Houston [1st Dist.] 1983, no pet.). Point of error two is overruled.

 Finally, appellant contends that Bryant's identification of him as the robber was
tainted by an impermissibly suggestive pretrial photographic display and should have been
suppressed. To prevail on this point of error, appellant must prove by clear and convincing
evidence that the display was impermissibly suggestive and gave rise to a very substantial
likelihood of irreparable misidentification. Delk v. State, 855 S.W.2d 700, 706 (Tex. Crim. App.
1993).

 One week after the robbery, Bryant was shown fifteen photographs that are
reproduced in the record. Each is a police "mug shot" of a black male. Each person seems to
be of the same general age and each appears in the array only once. The officers who prepared
the array testified that they did not suspect appellant and it is not contended that the officers said
or did anything to suggest that Bryant should identify appellant's picture. Appellant's only
complaint is that he was only person pictured wearing a black knit shirt with "Raiders" printed
on the front. (2) Appellant urges that this is significant because Bryant testified that the robber wore
a black jacket and dark shirt.

 Appellant has failed to establish that the photo array was impermissibly suggestive. 
While appellant was the only person pictured wearing a "Raiders" shirt, at least four other men
were pictured wearing dark shirts. On this record, we do not believe that the word "Raiders" on
his shirt was likely to suggest to Bryant that appellant was the robber. 

 Furthermore, appellant has failed to show that the alleged suggestiveness of the
display led to a very substantial likelihood of misidentification at trial. Bryant testified that
appellant was in the store twice on the night of the robbery, the first occasion being a few minutes
before he returned with the pistol. One of the investigating officers testified that Bryant was
unusually "observant of detail" and gave an "excellent" description of the robber. The evidence
reflects that Bryant's identification of appellant's photograph was immediate and positive. She
never identified any other person as the robber. We conclude that the indicia of reliability of
Bryant's in-court identification of appellant outweigh any possible corrupting effect from the
photographic display. Point of error three is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: January 18, 1995

Do Not Publish

1.   This offense took place before September 1, 1994, and is governed by the law in effect
at the time the offense was committed. Penal Code, 73d Leg., R.S., ch. 900, § 1.18, 1993
Tex. Gen. Laws 3586, 3705. Because the code amendments effective September 1, 1994, have
no substantive effect on this offense, the current code is cited throughout this opinion for the
sake of convenience.
2.   Appellant also discusses what he believes to be the inadequacies of photographic
displays and complains of the "inherent unreliability of eyewitness evidence," but these
contentions do not speak to the suggestiveness of the identification procedure in question.